THE STATE, DEFENDANT IN ERROR, v. JOHN DOLAN,
PLAINTIFF IN ERROR.

Submitted March 23, 1914—Decided June 15, 1914.

1. A voluntary confession by a person accused of crime is one not extorted by any sort of threats or violence, or obtained by any direct or implied promises.
2. A finding of fact by a trial court as a necessary preliminary to the admission or rejection of a confession is not reviewable on error, if there be any legal evidence to support it.
3. *Quære.* Does the lack of mental capacity of a defendant, at the time of making a confession, render such confession incompetent as evidence against him, or is it merely a factor to be considered in determining its credibility?

---

On error to Essex Oyer and Terminer.

For the plaintiff in error, *Jerome T. Congleton* and *John A. Bernhard.*

For the state, *Louis Hood,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant below was convicted of the crime of murder in the first degree, the criminal act having been the cutting of his wife's throat with a razor. The murder occurred on a Saturday evening between nine and ten o'clock, and the defendant was arrested for the crime within the next hour. When arrested he was found to be suffering from a cut in the neck about a quarter of an inch deep, which had caused the loss of a considerable quantity of blood, and was in such a weakened physical condition that instead of being taken to the police station, he was removed to St. James Hospital in the city of Newark. It was later discovered that several of his ribs had been fractured, this latter injury being an extremely painful one. On the morning of the following day he was visited at the hospital by a detective from the office of the prosecutor of the pleas, in company with three members of the city police force, and, after some conversation with them, made a statement admitting that he had cut his wife's throat with a razor, and that subsequently he had slashed his own throat with the same weapon. This statement was taken down in writing and afterward read over to him, and then signed by him.

The only ground upon which the conviction is sought to be set aside is the alleged illegal admission in evidence of the written confession above referred to, over objection. The question presented for decision was raised in this way: the state having offered the confession in evidence, counsel for the defendant claimed the right, before it was admitted by the court, to submit testimony as to the competency of the defendant to make a confession at the time his statement was taken down. He was permitted to do this by the court, and called one Dr. McCabe, a medical expert, who testified that he was on the staff of St. James Hospital, and had attended the defendant professionally on the day on which the confession was made; that he (the defendant) was in "a sort of state of collapse," in a very weakened physical condition, and in his (witness's) opinion was not able at the

time of his interview with the prosecutor's detectives and the police officers to make a sensible statement. He added that by "sensible" he meant "of his own free will and accord —that defendant was in such a state that he was liable to say anything in order to get rid of his inquirers." The state then called Dr. Washington who testified that there was nothing in the fact that a man was suffering from the injuries described by Dr. McCabe in testifying to the defendant's condition, and from the pain and exhaustion which such injuries would cause, which would prevent him from making a rational and sensible statement of events that had occurred the night before. At the close of Dr. Washington's testimony counsel for the defendant objected to the admission of the confession, "because it had not been established beyond a reasonable doubt that the defendant was in a mental condition to make a statement." The court overruled the objection, and admitted the confession.

It is uncertain, from the form in which the ground of objection is stated, whether it was intended to assert that the confession was not a voluntary one, and, for this reason, not competent; or whether it was considered inadmissible because the defendant was, to some extent, irrational at the time of making it.

If it was the theory of counsel that the confession was not a voluntary one, the objection is without merit. By the decision of this court in *Roesel* v. *State,* 62 *N. J. L.* 216, the meaning of the term "voluntary confession" has been definitely settled in this jurisdiction. By it is meant a confession not extorted by any sort of threats or violence, or obtained by any direct or implied promises. There is no suggestion in the proofs that the confession in the present case was induced by either the one or the other of these legally objectionable methods.

If, on the other hand, the ground of objection intended to be expressed was that the confession was inadmissible because of the defendant's mental condition at the time of making it, the admission of the confession cannot be made

the basis of a reversal. Assuming that the *competency* of the confession, as evidence, depended upon the mental state of the defendant at the time of making it, and that the trial court was, therefore, required, before admitting or rejecting it, to hear evidence *pro* and *con* upon the question of the mental capacity of the defendant, and, by its ruling in admitting it, by necessary implication found that the defendant was able to fully understand and appreciate what he was doing when he made it, that finding cannot be attacked in this court. The rule is entirely settled that a finding of fact by a trial court as a necessary preliminary to the determination of the question whether or not a confession is admissible, is not reviewable on writ of error, if there be any legal evidence to support that finding. *State* v. *McQueen,* 69 *N. J. L.* 522; *State* v. *Monich,* 74 *Id.* 522. The testimony of Dr. Washington, and an inspection of the confession itself, which affords cogent evidence of defendant's clearness of mind, brings the case within this rule.

We have, for the purpose of deciding the latter phase of the case, assumed the correctness of the defendant's theory that the mental capacity of the defendant at the time of making a confession goes to its competency as evidence, and not merely to its credibility; in other words, that it is a matter to be determined by the court as a preliminary to the admission or rejection of the confession, rather than by the jury after its admission. We are not, however, to be understood as so holding. The point is not raised by any assignment of error, and, of course, was not discussed by counsel. Its decision is not involved in the merits of the case, for the reason that the court in its charge left it to the jury to determine the credit to be given to the confession, and the defendant, consequently, suffered no harm from the action of the court in settling in the first instance the fact of the mental capacity of the defendant to make the confession. An expression of opinion upon the point by us, therefore, would be *obiter,* and serve no good purpose.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.