THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EUGENE COMPO, PLAINTIFF IN ERROR.

Argued October 21, 1931—Decided February 1, 1932.

For the plaintiff in error, *Edward R. McGlynn* (*Charles Basile,* of counsel).

For the defendant in error, *Joseph L. Smith.*

The opinion of the court was delivered by

BODINE, J. Eugene Compo was convicted of murder in the first degree. The proofs show that on the evening of December 23d, 1930, he ordered, at closing time, the manager of a Butler Brothers chain grocery store to open up. Upon the manager's failure so to do, the defendant shot and killed him. The essential facts in the case were established by the testimony of a number of witnesses, as well as by statements made by Compo to the police, which the trial judge found on the proofs presented, were voluntarily given. The proofs abundantly support the finding.

It appears from the voluntary statements that the defendant and a companion determined to rob a man named Lynch, the manager of this store, anticipating that they could secure some three or four hundred dollars apiece. On the night of the attempt they waited in the vicinity until the customers had all left. While the manager was closing the store they went over, and one of them placed a revolver near his ribs and ordered him to stick up his hands and open up the store. His refusal resulted in his death.

On this state of the proofs, plaintiff in error argues the following point: There was no evidence to justify the finding by the jury that the shooting of the manager of the chain store occurred in the perpetration or attempt to perpetrate a felony.

The statutory definition of murder is as follows: "Murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing or which shall be committed in perpetrating or attempting to perpetrate any arson, burglary, rape, robbery or sodomy, shall be murder in the first degree; and all other kinds of murder shall be murder in the second degree." 1 *Cum. Supp. Comp. Stat.* (1911-1924), "Crimes," §§ 52, 107.

The proofs show that the homicide was committed in the attempt to perpetrate a robbery. Section 120 of the Crimes act (2 *Comp. Stat., p.* 1785), defines robbery as follows: "Any person who shall forcibly take from the person of an-

other, money or personal goods and chattels of any value whatever, by violence, or putting him in fear, and his aiders, procurers and abettors, shall be guilty of a high misdemeanor * * *." This provision was embodied in our statutes in essentially the precise form at least as early as the revision of 1846 (*Nixon's Digest*, 167, § 38), and has been continuously on the statute books ever since. The common law definition of robbery has, notwithstanding, been uniformly approved and followed in cases where homicide has been committed in the perpetration of a robbery.

Chancellor Magie, speaking for this court, in *State* v. *Lyons*, 70 *N. J. L.* 635 (at *p.* 645), said: "Under the statute which makes killing in the perpetration or attempt to perpetrate the crime of robbery murder in the first degree, the court properly proceeded to define what robbery is. This is the language of the court: 'Robbery is stealing property with violence from the person *or personal custody of another person*. It is necessary, in order to constitute that crime, that the goods shall be on the person of the owner, or the owner's agent, or shall be in his presence and in his custody.' "

If we were at liberty to exscind from the proofs the order to the manager to stick up his hands, still we believe the words "to open up" evidence a purpose of feloniously taking property by means of violence from the person or personal custody of the manager of this store. In view of all the evidence in the case and particularly the testimony that the defendant, or his companion, was armed and that a revolver was applied to the ribs of the manager at the time the order was given, we cannot feel that the jury would be justified in doing otherwise than they did.

The only other point raised before us, which we deem to have merit sufficient to justify discussion, relates to the following portion of the court's charge: "The state has produced the following testimony of police officers who have produced here a statement made by Compo at police headquarters, in fact, two statements I believe. There is some question as to the voluntariness with which those statements were given. It is for you to decide whether or not, when Compo

gave those statements, he gave them voluntarily, and whether the things which are in those statements are the truth."

It is urged by the plaintiff in error that the court should have instructed the jury to disregard or reject the confessions if it determined that the same were not voluntarily given. We do not think that this is the law. The court having determined that the confessions were admissible as a court question, the jury could not reverse that finding and reject the evidence. Professor Wigmore says that a contrary doctrine, although it exists in some jurisdictions, is pure legal heresy. 2 *Wigmore on Evidence,* §§ 860, 861.

In 1828, Judge Drake charged a jury that if they found that the confessions received in evidence were involuntary they were under a duty to reject them. His action in so doing was approved in *State* v. *Guild,* 10 *N. J. L.* 192.

In *Bullock* v. *State,* 65 *N. J. L.* 557, Chief Justice Depue states on page 565, by way of *dicta,* that where there was doubt from the whole evidence whether the confession was or was not voluntary that such question should be left to the jury with instructions to reject the confession, if upon the whole evidence they were satisfied that it was not a voluntary act. He had previously decided in *Roesel v. State,* 62 *Id.* 216, 236, that a preliminary examination respecting the admissability of confessions comprised a mixed question of law and fact. However, as early as *State* v. *Brooks,* 30 *Id.* 356 (at *p.* 364), the Supreme Court took the view that the admissibility of confessions was a question for the court, and that the court admits or rejects the confession after weighing the evidence upon the question of its voluntariness. The weight that the jury is to give to the confession is another matter and depends upon their belief in the truthfulness thereof.

The later decisions of our courts make it perfectly clear that the admission in evidence of a confession, where there is an objection interposed that the same was not voluntary, presents a fact question solely for the trial court, which is not reviewable on error, if there be any legal evidence to support the finding of the court. *State* v. *Young,* 67 *N. J. L.* 223, 227, 228; *State* v. *Hernia,* 68 *Id.* 299, 302; *State* v. *Mac-*

*Queen,* 69 *Id.* 522, 524; *State* v. *Monich,* 74 *Id.* 522, 526; *State* v. *Kwiatkowski,* 83 *Id.* 650, 655; *State* v. *Dolan,* 86 *Id.* 192, 195; *Slate* v. *Murphy,* 87 *Id.* 515, 525.

In *Stale* v. *Morehous,* 97 *N. J. L.* 285, Mr. Justice Katzenbach referred to the early confusion resulting from some of Mr. Justice Depue's expressions in the case of *State* v. *Bullock, supra,* and said (at *p.* 292):

"As there was evidence in the present case that the confession of Morehous was voluntary, it would be unnecessary to review the evidence on this question if the case was before us only on a bill of exceptions. The entire record of the proceedings is, however, before this court upon the one hundred and thirty-sixth section of the Criminal Procedure act which gives the defendant the right to have the court consider and determine whether in the trial he suffered manifest wrong or injury [among other things] in the admission of the confession, as he claims by a proper specification of cause for reversal that he has by the admission of the confession suffered manifest wrong or injury. This makes it necessary to consider not whether there was evidence of the confession having been made voluntarily, but whether the sufficiency of the evidence supports the finding of the trial court that the confession was voluntary." In *State* v. *Yarow,* 104 *N. J. L.* 512, this court held that:

"The admission of a confession of the defendant in evidence in a criminal case depends upon whether it was voluntarily made, which is a question for the court alone to decide; and if the court decides adversely to the defendant, the confession is admitted, and error assigned on that ruling is not the subject of revision, unless there be no evidence to support it, but whether the defendant spoke the truth when he confessed, or whether the witnesses who said that he made such a confession testified truthfully, is a question for the jury; and in order to raise such question before them, it is necessary for the defendant to offer evidence of it to the jury, if they were excluded; and if he desires the court to instruct the jury on the question of the truthfulness of the confession he is required to request the court to so charge."

If we consider the admission of the confession before us under the one hundred and thirty-sixth section of the Criminal Procedure act, we are satisfied that there was sufficient evidence to support the finding of the trial court. We do not commend the order of proof adopted, but the error, if any, was cured by the proofs in rebuttal, and at all events the point is not before us by appropriate exception.

The charge of the court, in so far as it did not direct the jury to reject the confession if they believed the same was not voluntary, is before us and under the decisions of this court such an instruction would have been erroneous. If the jury did not believe in the truth of the confession, they could treat it in the same manner as any other piece of evidence which they disbelieved, but they could not decide to reject, as evidence, that which the court had properly admitted. Of course, the determination of the weight and credibility of evidence is always for the jury, and the trial judge left that question to the jury.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.