STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANTHONY LOCICERO, PLAINTIFF IN ERROR.

Argued May 1, 1934—Decided November 30, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendant in error, *Orville V. Meslar,* prosecutor of the pleas.

For the plaintiff in error, *Heller & Boss (Harry H. Weinberger,* of counsel).

PER CURIAM.

The plaintiff in error was convicted in the Morris County Court of Quarter Sessions of assault and robbery. The case comes before us for review on strict bill of exceptions and also under the one hundred and thirty-sixth section of the Criminal Procedure act.

A review of the entire record of the proceedings does not persuade us that the plaintiff in error suffered manifest wrong or injury at his trial. He was identified as the culprit by one of the state's witnesses, Parks, the driver of the truck, as the man who assaulted him and made off with the truck; the written confession of defendant below was admitted into evidence and contained the story of the crime substantially as the witness, Parks, says it happened; the jury had the whole situation before it and determined the guilt of the

defendant. Furthermore, it is not specifically argued that the verdict was against the weight of the evidence on the whole case. The only argument made for a reversal of the conviction is that the court received in evidence, over objection, the defendant's confession of guilt. Before making and signing the confession, the defendant testified that he was harassed, kicked and brutally beaten for hours at a time by members of the police department and the detective bureau. His testimony in this respect was denied by each of those so accused. The jail physician testified that as a matter of routine he examined the defendant and found him in sound physical condition; that no contusions or discoloration appeared on his body. This examination was made three days after these alleged occurrences but even at that time some evidences of the beatings would be present if he had been treated as he says.

The other point made in support of the proposition that the trial court should have rejected the confession as not voluntary, is based on the fact that one of the police officers, at the time the confession was obtained, brought into the room a skull and set it on the table. This skull, according to the testimony, had been at Boonton police headquarters for about eight years and one of the witnesses, the chief of police of East Paterson, it appears, had some curiosity about it with the result that the Boonton police officer brought it from downstairs in the building up into the room where the plaintiff in error was being questioned. There is testimony to the effect that it was in the plain view of the prisoner and there is testimony to the contrary. The trial court, after hearing all of the testimony regarding the conditions surrounding the prisoner at the time he is alleged to have signed the confession, admitted it in evidence. The testimony concerning the admissibility of the confession and whether or not it was voluntarily made, was a question for the court. *State* v. *Brooks,* 30 *N. J. L.* 356 (at *p.* 364). At any rate, it has been determined again and again that the question of the admissibility of confessions is for the court solely and that it is not reviewable on writ of error if there is any legal evidence to support its findings. *State* v. *Young,* 67 *Id.*

223, 227, 228; 51 *Atl. Rep.* 939; *State* v. *Hernia,* 68 *N. J. L.* 299, 302; 53 *Atl. Rep.* 85; *State* v. *MacQueen,* 69 *N. J. L.* 522, 524; 55 *Atl. Rep.* 1006; *State* v. *Monich,* 74 *N. J. L.* 522, 526; 64 *Atl. Rep.* 1016; *State* v. *Kwiatkowski,* 83 *N. J. L.* 650, 655; 85 *Atl. Rep.* 209; *State* v. *Dolan,* 86 *N. J. L.* 192, 195; 90 *Atl. Rep.* 1034; *State* v. *Murphy,* 87 *N. J. L.* 515, 525; 94 *Atl. Rep.* 640; *State* v. *Compo,* 108 *N. J. L.* 499, 503; 158 *Atl. Rep.* 541.

The jury heard and considered all this testimony and was privileged under the law to give the confession such weight as it merited. In criminal cases juries undoubtedly, in accordance with their prerogative, make up their minds on the whole case. What weight was given to the confession we do not know. Suffice it to say, there was legal evidence supporting the judge's finding that the confession was voluntary.

The judgment of the court below is affirmed.