STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ALBERT HERMAN LANDEROS, DEFENDANT-APPEL-
LANT.

Argued April 25, 1955—Decided November 21, 1955.

See, also, 20 *N. J.* 76, 118 *A.* 2*d* 524.

*Mr. Morton Stavis* argued the cause for appellant (*Mr. J. Mercer Burrell,* attorney).

*Mr. Leon Gerofsky,* Prosecutor of Somerset County, argued the cause for the State (*Mr. William E. Ozzard,* on the brief).

The opinion of the court was delivered by

WACHENFELD, J. This is an appeal of right, by reason of a dissenting opinion, from a judgment of the Appellate Division affirming the conviction of the defendant on a criminal indictment charging him with assault with intent to commit rape, atrocious assault and battery and assault and battery, all charges emanating from the same incident. 32 *N. J. Super.* 168 (*App. Div.* 1954).

The jury, in the court's charge, was permitted to find and did find the defendant guilty on all counts of the indictment and he was accordingly sentenced on all three counts, the sentences to run concurrently.

The Appellate Division unanimously reversed the conviction and sentences on the atrocious assault and battery and simple assault and battery counts, holding these were but lesser offenses and were therefore included within the conviction on the more serious charge, assault with intent to commit rape.

The defendant appeals and before us contends there was illegal evidence admitted in the case which produced an unjust and unconscionable result and in fact constituted failure of substantial justice.

It is urged evidence was erroneously admitted showing (1) that the complaining witness had previously identified

the defendant; (2) that the defendant had been previously arrested; (3) that the previous arrest was for attempted rape while actually it was merely for assault; (4) that the police captain was convinced and was permitted to testify as to his opinion of the defendant's guilt.

The defendant specifically refers to testimony revealing the complaining witness' identification of him at the police line-up, theorizing that it "corroborated" her subsequent trial identification and was injurious because it additionally revealed the defendant was in jail at the time.

The defendant insists also that added to the improper emphasis thus laid upon the testimony of the complaining witness, her testimony was further inflated by the evidence emanating from Burns, a deputy warden of the Union County Jail, and Colacci, police captain of Bound Brook, in reference to the same incident, and it is contended the prosecution was compounding the error which had been made by calling these witnesses to corroborate the testimony of the complaining witness as to prior identification.

Evidence bolstering a witness' testimony consisting of previously made consistent statements is not admissible to corroborate. *State v. Griffin*, 19 *N. J. Super.* 581 (*App. Div.* 1952); *People v. Jung Hing*, 212 *N. Y.* 393, 106 *N. E.* 105 (*Ct. App.* 1914); 4 *Wigmore, Evidence*, § 1124.

Arrest without more does not in law, any more than in reason, impeach the integrity or impair the credibility of a witness. *Michelson v. United States*, 335 *U. S.* 469, 69 *S. Ct.* 213, 93 *L. Ed.* 168 (1948); *State v. Cooper*, 10 *N. J.* 532 (1952).

All the testimony relating to the fact that the defendant was in jail or had been arrested on a similar charge, however, excepting a minor question or two having no important bearing on the issues presented, came into the trial as a result of the interrogation of witnesses by the defendant's counsel.

No motion was made to strike the testimony or to charge the jury to exclude it from their consideration, and we are in accord with the conclusion of the Appellate Division that

it did not of itself constitute plain error of which the court could or should take notice. *State v. Rhams,* 14 *N. J.* 282 (1954) ; *State v. LeFante,* 14 *N. J.* 584 (1954).

■ As to the contention that there was error in the previous arrest at Rahway being referred to as attempted rape whereas the record in fact showed it to be merely assault, the conflict apparently occurred by reason of the defendant's cross-examination of the police captain.

In response to the question by the defense: "What was the purpose of your trip over there then?" the captain answered: "I was informed by the Rahway Police that they had apprehended a man with an attempted rape."

This refers to the informal information the witness had received from a cooperating police department, and if it was not exactly in accord with the official record, it still apparently was a correct and truthful answer to the inquiry submitted. There was no error in this respect.

■ Next, error is cited in the following portion of the court's charge:

"You are the judges of the facts in the case. The testimony that you have heard here you must judge. It is not up to counsel and it is not up to the court to decide 'what the facts are. That is your full province and anything that either counsel or the court may say about the facts should not sway you one way or the other. Your impartial consideration of all the evidence in the case is what is required of you."

It is said in effect that the jury was instructed to ignore any discussion of the facts by counsel, thus destroying the defendant's right to the assistance of counsel, in violation of the rule laid down in *State v. Gutterman,* 20 *N. D.* 432, 128 *N. W.* 307 (*Sup. Ct.* 1910).

When considered with the full context of the charge and in view of the fact that no objection for the defendant was noted, we concur with the Appellate Division that we are not justified in resorting to the plain error rule, *R. R.* 1:5–1(*a*), although we would discourage the repeated use of the same language because it might be considered ambiguous.

Lastly, we come to the defendant's fourth ground, concerning the testimony of a police captain as to his opinion of the defendant's guilt.

It occurred under these circumstances: the captain had testified for the State and was being cross-examined by the defendant's counsel.

"Q. Did you have any doubts as to his innocence (referring to the defendant)? A. I don't get that.

Q. Did you have any doubts in your mind about this man's guilt? A. Is that a question? Do you want me to answer it?

Mr. Gerofsky: Answer the question.

The Witness: He is as guilty as Mrs. Murphy's pet pig. Do you want to ask me why?

Q. No. Then you are very convinced about that? A. You asked me for my opinion and I just answered my opinion.

Q. Do you have some feeling in the matter? A. I have no feeling in the matter."

Sensing a favorable advantage from the blunder committed by the defendant, the prosecutor quickly intervened where he should not have and directed the witness to answer.

It was not within his province to regulate the procedure or to prompt the witness to answer the pending question, especially when the police captain, awed to momentary silence by the unprecedented inquiry by the defense, with the instant consciousness of the devastation and impressiveness of the contemplated answer, hesitated with an innate realization of its natural and decisive consequences.

We cannot subscribe to the kindly interpretation of the Appellate Division as to the altruistic purposes motivating the prosecutor.

To the contrary, we think he trespassed upon the spirit of our recent enunciation in *State v. D'Ippolito*, 19 *N. J.* 540 (1955), where are set forth in full the obligations and responsibility of a prosecutor of the pleas and where we said a public prosecutor "must consistently refrain from any conduct that is lacking in the essentials of fair play."

As there, while no exception was noted or request made to have the jury disregard the remark, the prejudice created

was so enormous and the impact so great as to constitute error substantial and vital, requiring notice and reversal of the judgment rendered under *R. R.* 1:5–1(*a*).

If the question had been answered responsively and the witness had merely said: "I had no doubts," it would still have been prejudicial; but when the police captain, following a natural prosecution complex, accepted the invitation tendered him and with vernacular much more effective than staid judicial phrases replied: "He is as guilty as Mrs. Murphy's pet pig," the record had imprinted upon it a personal opinion which by its unique expression had a greater impact upon the jury's verdict than all the evidence proven in the whole trial by both the prosecution and the defense.

Who, in the layman's mind, should know better than the captain of police whether or not the defendant was guilty, and when that gentleman had pronounced the defendant's doom, the jurors had a right to assume the court acquiesced, as the judge offered no comment or instructions either then or later in his charge to the contrary. What juror, under these circumstances, would have the temerity to find otherwise?

Fundamental fairness requires us to reverse the judgment of conviction below and grant a new trial.

Reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.