44 N.J. Super. 110 (1957)
129 A.2d 752
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES HILL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 1956.
Decided January 21, 1957.
*111 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Frederick T. Law, Hudson County Prosecutor, Mr. Frank J.V. Gimino, Assistant Prosecutor, attorneys for respondent State of New Jersey.
Mr. James Hill, pro se.
*112 The opinion of the court was delivered by FRANCIS, J.A.D.
James Hill and two others were indicted in two counts by the Hudson County grand jury. The first count charged them with robbery in violation of N.J.S. 2A:141-1; the second count alleged an assault with intent to rob in violation of N.J.S. 2A:90-2. Both accusations grew out of the same transaction. In charging the jury, the trial court read both counts of the indictment in full and defined robbery. However, after the reading of the count for assault with intent to rob, there was no further reference to it. The proof of the State showed an actual forcible taking of the coat of the victim and the defense was a complete denial of presence at the scene and commission of, or any participation at all in the crime. The jury returned a verdict of guilty as charged.
Subsequently Hill (and the others) were sentenced to three to four years in State Prison on the robbery count and three to four years on the assault with intent to rob count, the terms to run concurrently.
The legal propriety of separate sentences is challenged, the argument being that they constitute double punishment for a single offense. We agree. On the proof disclosed by the transcript of the trial, it is obvious that there was but one criminal transaction and that the facts which proved the robbery were the same as those to be relied upon to prove the assault with intent to rob. Plainly the lesser offense was a component part of the greater and a merger of the two arose upon conviction of the latter.
The test to be applied in deciding the issue of merger is whether a particular act involved in a single transaction is a distinct criminal affair or an integral part of the principal offense charged. A prosecution for any part of a single crime bars any additional prosecution or sentence for the whole crime or any other constituent element of the whole crime. State v. Labato, 7 N.J. 137, 145, 146, 150 (1951); State v. Mowser, 92 N.J.L. 474, 483 (E. & A. 1919); State v. Cooper, 13 N.J.L. 361, 375 (Sup. Ct. 1833); 15 Am. Jur., Criminal Law, § 386, p. 388 (1938).
*113 As already indicated, the record before us shows the commission of a robbery as the end result of a single criminal transaction. That robbery contained within it, as a step in the path to its perpetration, the offense of assault with intent to rob. State v. Mowser, supra. Therefore, only one sentence, and that for the major crime, was proper on the verdict of guilty as charged. State v. Le Fante, 14 N.J. 584, 594 (1954); State v. Landeros, 32 N.J. Super. 168 (App. Div. 1954), reversed on other grounds, 20 N.J. 69 (1955); Cook v. State, 24 N.J.L. 843 (E. & A. 1855); Annotation, 37 A.L.R.2d 1068 (1954). We assume that the per curiam opinion of the Appellate Division, which was adopted by the Supreme Court in State v. Cianci, 18 N.J. 191 (1955), certiorari denied 350 U.S. 1000, 76 S.Ct. 555, 100 L.Ed. 864 (1956), is not to the contrary. The state of the record with regard to proof of separate and distinct offenses is not discernible from the opinion. And it appears in a subsequent proceeding instituted by Cianci that the earlier appendix was sketchy and inadequate.
The fact that the sentences imposed are concurrent does not alter their illegality. Even assuming that they will not affect the date of Hill's eligibility for parole (a matter which was not argued), obviously his record, if allowed to remain in the present state, will show two convictions where only one should be recorded. Accordingly, the three to four years sentence for assault with intent to rob must be vacated.
In order to deal with the other contentions raised, we obtained and examined the full transcript of the trial proceedings. Such examination discloses no further reversible error.
A conformable mandate may issue.