123 N.J. Super. 345 (1973)
303 A.2d 87
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT HUBBARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1973.
Decided April 2, 1973.
*347 Before Judges COLLESTER, LEONARD and HALPERN.
*348 Mr. David Noah Dubrow, designated counsel, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. R. Benjamin Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by COLLESTER, P.J.A.D.
Defendant was found guilty by a jury of murder in the first degree and armed robbery. He was sentenced to life imprisonment for the murder and to concurrent prison terms aggregating 12-15 years for the conviction of armed robbery. This appeal followed.
James Rainey, Robert Arrington, William Anderson and defendant Robert Hubbard were jointly indicted for the murder of Robert Howard and the armed robbery of Howard, Lorenzo Bens and Alonzo Bankston. They were tried separately. Rainey was convicted of second degree murder and Arrington and Anderson pleaded non vult to the murder indictment. The Hubbard case was the last to be tried.
The State's case against defendant was based on the theory of a felony murder. The State's proofs indicated that on May 27, 1971 defendant, together with Rainey, Arrington and Anderson, forced their way into Howard's apartment. During the course of the robbery Howard seized a hammer and struck Arrington. Rainey, who had a gun, shot and mortally wounded Howard.
On appeal defendant raises the following points as grounds for reversal: (1) the convictions for armed robbery and felony murder were barred by the doctrine of collateral estoppel; (2) the court's charge on aiding and abetting constituted plain error; (3) the verdict was against the weight of the evidence; (4) the court's supplementary instructions in response to the jury's question regarding the law applicable to a felony murder were legally insufficient *349 and misdirected the jury; (5) the court's review of the evidence in the charge was prejudicial; (6) the court erred in denial of a motion for a mistrial; (7) the conviction and sentence of life imprisonment was excessive; and (8) the sentence to life imprisonment is unconstitutional.
Defendant's principal contention is that his convictions for armed robbery and felony murder were barred by the doctrine of collateral estoppel. The record indicates that at the close of the testimony defendant's motion to strike the charge of felony murder from the jury's consideration was denied by the trial court. Defendant argues here, as he did below, that the prior conviction of Rainey of second degree murder constituted a finding that no robbery had occurred and, that issue having been decided, the State was collaterally estopped from proceeding against Hubbard on the charge of felony murder. Defendant bases his argument primarily on Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
In Ashe six men engaged in a poker game were robbed by three or four masked gunmen. Ashe was tried and acquitted of robbery of one of the poker players. Thereafter he was tried for the robbery of another of the players and was convicted. The United States Supreme Court reversed. The court held that since the single rationally conceivable issue before the jury in the first trial was whether defendant had been one of the robbers, the rule of collateral estoppel, which is embodied in the Fifth Amendment's guaranty against double jeopardy, made the second trial wholly impermissible.
We conclude that the rule of collateral estoppel laid down in Ashe is not applicable to the instant case. The court in Ashe clearly indicated that the principle of collateral estoppel could be invoked in criminal cases only when an issue of ultimate fact has been previously litigated and determined by a valid and final judgment in the prosecution of the same defendant.
*350 Under our law all those who conspire to commit a crime and participate in some way in its commission are equally guilty as principals. State v. Cooper, 10 N.J. 532, 568 (1952). We believe it is well settled that where principals in a joint indictment for murder are tried separately, the conviction or acquittal of the defendant first tried has no bearing on a judgment against the other; that the doctrines of collateral estoppel and res judicata do not apply in cases in which a different defendant is prosecuted in the second trial. See State v. Mondrosch, 108 N.J. Super. 1 (App. Div. 1969), certif. den. 55 N.J. 600 (1970); State v. Bradley, 361 Mo. 267, 234 S.W.2d 556, 559 (Sup. Ct. 1950); State v. Wilson, 236 Iowa 429, 19 N.W.2d 232, 239 (Sup. Ct. 1945); Maughon v. State, 9 Ga. App. 559, 71 S.E. 922, 924 (Ct. App. 1911); Reed v. Commonwealth, 125 Ky. 126, 100 S.W. 856, 858 (Ct. App. 1907); State v. Martino, 27 N.M. 1, 192 P. 507, 509 (Sup. Ct. 1920).
We conclude that United States v. Bruno, 333 F. Supp. 570 (E.D. 1970), upon which defendant relies, is inapposite. In that case two of three defendants charged with conspiracy were tried and acquitted. Thereafter the court dismissed the conspiracy indictment against Bruno on the ground that the acquittal of all the other co-conspirators precluded the conviction of the remaining defendant. The court's reference to collateral estoppel (upon which defendant Hubbard relies) concerned a ruling that the government would be collaterally estopped from relitigating the issue of authenticity of a questioned document in the first case in a subsequent prosecution of the third conspirator. The ruling, which was unnecessary for disposition of the case, in our opinion was based upon a misinterpretation of Ashe v. Swenson, supra. We are satisfied and hold that the trial judge in the present case properly submitted the issue of felony murder to the jury for its determination.
We turn next to the claim that the trial judge erred in denying defendant's motion for a mistrial. The *351 motion was based on testimony that defendant was arrested on "other charges" on October 27 (five months after the homicide), while using an alias, and that his fingerprint identification revealed he was the Robert Hubbard for whom an arrest warrant for the murder had been issued. The trial judge concluded that the testimony was not so prejudicial as to warrant a mistrial and indicated he would give cautionary instructions to the jury. When defense counsel requested that such instructions should not be given the judge said he would be guided by counsel's wishes. The disposition of a mistrial motion is addressed to the sound discretion of the trial judge. A mistrial is an extraordinary remedy and should be resorted to only to prevent an obvious failure of justice. State v. Provoid, 110 N.J. Super. 547, 558 (App. Div. 1970). We find no abuse of discretion in the denial of the motion in this case.
Defendant also challenges the sentence of life imprisonment imposed by the court, contending that it was excessive in light of the lesser sentences imposed on his accomplices. The answer to that contention is that the penalty of life imprisonment for murder in the first degree is mandatory under the statute. N.J.S.A. 2A:113-4. The power to prescribe the penalty to be inflicted for a crime rests with the legislative branch of government, not with the courts. When the Legislature fixes a single or mandatory penalty for a crime the courts have no alternative but to pronounce the prescribed sentence. State v. Griffin, 84 N.J.L. 429, 432 (Sup. Ct. 1913), aff'd 85 N.J.L. 613 (E. & A. 1914). It is only when the Legislature has provided for minimum and maximum limits of punishment that courts have discretion as to the punishment to be administered.
Defendant also contends that the mandatory life imprisonment sentence in this case is an unconstitutional penalty for the exercise of his Fifth and Sixth Amendment rights. Specifically, he argues that he was penalized because he elected to go to trial in this case while two of his *352 codefendants who pleaded non vult received sentences of eight to ten years. Defendant relies upon the rationale of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), where the court held the federal kidnapping statute unconstitutional insofar as it authorized the death penalty. The statute was construed to mean that the death penalty could be imposed only by a jury, so that if a defendant waived his Sixth Amendment right to trial by jury he could suffer no greater penalty than life imprisonment. The court held that the death penalty provision was invalid because it imposed an impermissible burden upon an accused's exercise of his Sixth Amendment right to a trial by jury and his Fifth Amendment privilege against self-incrimination.
We conclude that Jackson is distinguishable from the instant case. Here no such impermissible burden was imposed upon defendant. If he had chosen to waive his right to a jury trial and pleaded non vult to the murder indictment, the same sentence of life imprisonment could have been imposed. N.J.S.A. 2A:113-3. We find no constitutional invalidity in the sentence.
Defendant further asserts that the court committed plain error in charging the jury that he could be convicted of both felony murder and armed robbery and that his conviction and sentence on both charges constituted double punishment for the same offense. The State concedes that under the circumstances of this case the armed robbery was an integral part of the felony murder and thus the lesser offense merged with the greater. State v. Hill, 44 N.J. Super. 110 (App. Div. 1957). Accordingly, the concurrent sentences imposed for armed robbery must be vacated.
We have carefully reviewed the record and considered the other points raised by defendant. We perceive no reversible error in any of them.
The judgment of conviction for murder is affirmed. The conviction for armed robbery is vacated.