124 N.J. Super. 303 (1973)
306 A.2d 483
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT LAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1973.
Decided June 20, 1973.
*304 Before Judges FRITZ, LYNCH and TRAUTWEIN.
Ms. Paula G. Roberts argued the cause for the appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. David L. Rhoads argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney, Mr. Kenneth P. Ply, Assistant Prosecutor, of counsel).
PER CURIAM.
After indictment defendant was found guilty by a jury of murder in the first degree. He was sentenced to life imprisonment in accordance with N.J.S.A. 2A:113-3 which, as now construed, under State v. Funicello, 60 N.J. 60 (1972), mandates such a penalty for first degree murder.
Defendant's plight stems from his participation in a murder-stabbing incident with robbery overtones.
The main thrust of defendant's argument on this appeal is directed toward the constitutional validity of his sentence. *305 He contends that the penalty provisions of present New Jersey statutes governing murder impose an impermissible burden on an accused's exercise of his right not to incriminate himself under the Fifth Amendment and his Sixth Amendment right to a jury trial. Accordingly, he seeks a remand for reconsideration of sentence. In fine, he says that under a first degree murder charge, a defendant has two plea choices with correspondingly different sentence exposures. If he pleads not guilty and takes his chance with a jury, a conviction mandates life imprisonment. N.J.S.A. 2A:113-4. If he pleads non vult, thus relinquishing his right against self-incrimination and to be tried by a jury, he may, in the sentencing judge's discretion, be sentenced to a term for years or life. N.J.S.A. 2A:113-3. Thus, he says, the same burden or attraction, albeit to a lesser degree, as that which existed prior to United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)[1] and one of its progeny, State v. Funicello, supra, continues to plague one accused of murder in the first degree. The question, stated another way, is  Does N.J.S.A. 2A:113-4 (mandatory life sentence upon conviction for first degree murder) and N.J.S.A. 2A:113-3 (a sentence range for a term for years, with the possiblity of immediate probation, to life upon a non vult plea) still embrace the evil of a needless encouragement of guilty pleas? United States v. Jackson, supra, 390 U.S. at 583, 88 S.Ct. 1209. We believe not.
Before we detail our reasons, however, we deal with the threshold question of whether defendant has the requisite *306 standing to raise his main question in light of his actually pleading not guilty and being tried by a jury. Until the New Jersey Supreme Court, on remand, modified the defendant's sentence to life imprisonment in State v. Funicello, supra, it would appear that appellant would not have had the requisite standing to raise the question here posed, State v. Sullivan, 43 N.J. 209, 247 (1964), cert. den. 382 U.S. 990, 86 S.Ct. 564, 15 L.Ed.2d 477 (1966); State v. Reynolds, 43 N.J. 597, 603 (1965); State v. Forcella, 52 N.J. 263, 284 (1968), rev'd and rem. sub nom. Funicello v. State, 403 U.S. 948, 91 S.Ct. 2278, 29 L.Ed.2d 859 (1971), reh. den. 404 U.S. 876, 92 S.Ct. 31, 30 L.Ed.2d 125 (1971), appeal after remand 60 N.J. 60 (1972), cert. den. sub nom. New Jersey v. Presha, 408 U.S. 942, 92 S.Ct. 2849, 33 L.Ed.2d 766 (1972). By virtue of the Funicello remand and resentencing we must conclude, however, that the United States Supreme Court accorded standing to the defendant there involved to raise his challenge on constitutional grounds and within a framework identical to those here present. Accordingly, we can do no less and therefore hold that defendant has standing to raise the question of his Fifth and Sixth Amendment rights despite not having incriminated himself or waiving a jury trial.
As regards the validity of the sentence imposed in light of the interdiction of the Fifth and Sixth Amendment, we conclude that Jackson is distinguishable. State v. Hubbard, 123 N.J. Super. 345 (App. Div. 1973). We do not perceive in the present case the type of "needless encouragement of guilty pleas' to the degree referred to in Jackson. Had defendant waived his right to a jury trial and pleaded non vult, he would still have been exposed to a life sentence, albeit within the discretion of the judge. N.J.S.A. 2A:113-3. We, therefore, determine that a remand and resentencing is not justified.
*307 Lastly, defendant contends that there was error in the court's charge on "flight." We have carefully examined the record, and in particular the charge, and find this contention to be without merit.
Affirmed.
NOTES
[1] Jackson held that the Federal Kidnapping Act, 18 U.S.C.A. § 1201, making kidnapping punishable by death if the jury so recommended, while eliminating the death penalty if the defendant pleaded guilty or waived his right to a jury, placed an impermissible burden on the exercise of both Fifth and Sixth Amendment rights. As a consequence, State v. Funicello, supra, was remanded to the New Jersey Supreme Court which, in turn, eliminated the death penalty from our murder statutes but ruled that all pleas to an indictment for murder should continue to be governed by N.J.S.A. 2A:113-3.