165 N.J. Super. 173 (1979)
397 A.2d 1113
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TERRY O. JAMES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 2, 1979.
Decided January 18, 1979.
*176 Before Judges SEIDMAN and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. George C. Heppner, designated attorney, of counsel and on the brief).[1]
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Ruth Schlesinger Sherman, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BOTTER, J.A.D.
Defendant was convicted in a jury trial of robbery (N.J.S.A. 2A:141-1) while armed (N.J.S.A. 2A:151-5) committed on September 8, 1975 at a tavern in Asbury Park. Thereafter, as directed by the sentencing judge pursuant to N.J.S.A. 2A:85-13, the county prosecutor filed an accusation charging defendant with being a multiple offender, having been convicted previously of the crimes of robbery while armed in Essex County in 1966 and breaking and entering with intent to steal and larceny in Monmouth County in 1973. After having been found guilty in a bench trial on the accusation, sentence was imposed on defendant as a multiple offender. N.J.S.A. 2A:85-8 (second offense) and N.J.S.A. 2A:85-9 (third offense).
Defendant was sentenced to State Prison for a minimum of 12 years and a maximum of 15 years on the robbery conviction and a consecutive term of not less than 8 nor more than 10 years was imposed for the armed feature. An additional 25-year term was imposed upon defendant as a multiple offender, making the aggregate sentence 20 to 50 years.
*177 The first point urged on behalf of defendant on this appeal is that the out-of-court identification of defendant by the witness John Martin, one of the robbery victims, should have been suppressed as the unreliable product of impermissible suggestion and that his in-court identification should also have been suppressed as lacking an independent basis. We disagree. As the trial judge found, Martin's identification was primarily that of the shirt worn by defendant at the time of the offense which he was also wearing when apprehended shortly thereafter and when confronted by Martin at police headquarters. Martin simply identified the defendant as the individual who was wearing the shirt at the time of the robbery in the tavern and when he saw him thereafter at police headquarters. We find no error in the admission of this testimony.
Defendant also contends that his conviction and sentencing as a multiple offender violates the separation of powers doctrine incorporated in N.J. Const. (1947), Art. III, par. 1.[2] The contention is that the prosecution of crime is a function entrusted to the Executive Branch of our State Government and that the judiciary should play no role in determining whether a defendant should be prosecuted as a multiple offender. Defendant contends that:
* * * the rule of the judiciary as prosecutor is offensive to the fundamental fairness embedded in due process which rightly precludes usurpation of the executive function. The process of American jurisprudence as reflected in the courts of this state contemplate[s] an adversarial contest and not one in which the court participates as a prosecutor.
*178 We reject defendant's contentions. As held in State v. Washington, 47 N.J. 244, 248-249 (1966), the habitual offender laws do not create a new substantive crime but allow the imposition of an enhanced penalty for the particular crime for which the defendant is convicted in view of his prior conviction for other crimes. See Oyler v. Boles, 368 U.S. 448, 451, 82 S.Ct. 501, 503, 7 L.Ed.2d 446, 450 (1962), where the court said: "Petitioners recognize that the constitutionality of the practice of inflicting severe criminal penalties upon habitual offenders is no longer open to serious challenge * * *."
It is not inappropriate for the Legislature to authorize the sentencing judge to activate charges under the multiple offender statutes when it appears to the judge "that the offenses resulting in such conviction are such as to warrant the imposition of a [greater] penalty * * *." N.J.S.A. 2A:85-13. As we said in State v. Jennings, 126 N.J. Super. 70, 79-80 (App. Div.), certif. den. 60 N.J. 512 (1972), the court's invocation of the multiple offender laws is "merely a phase of the permissible exercise of discretionary judgment" as to the appropriate punishment for a particular offender. The statute authorizes this procedure when the court is of the opinion that the current offense warrants the imposition of a greater penalty than the maximum that could be imposed for one not a multiple offender.
Since the sentencing of a defendant is the exclusive obligation of the judiciary, it is appropriate to authorize the judiciary to require the institution of charges under the multiple offender law preliminary to the exercise of that function. Thus, we reject defendant's contention that the exercise of this function was improperly transferred to the judiciary. See R. 3:21-4(d).
Defendant's final contention is that the sentences imposed upon him were manifestly excessive and unduly punitive and constitute an abuse of discretion. Before considering this contention we have questioned the legality of the sentence, raising the issue on our own motion, cf. State v. Christener, *179 71 N.J. 55, 63 (1976), since an illegal sentence may be corrected at any time. R. 3:22-12; State v. Culver, 23 N.J. 495, 511, cert. den. 354 U.S. 925, 77 S.Ct. 1387, 1 L.Ed. 2d 1441 (1957).
Defendant was sentenced to a term of 12 to 15 years for the robbery pursuant to N.J.S.A. 2A:141-1. He was given a consecutive sentence of 8 to 10 years for being armed pursuant to N.J.S.A. 2A:151-5. In pronouncing sentence the trial judge then stated:
In addition to that, under the [multiple offender] accusation the Court will impose an additional twenty-five years on the armed feature. This will run consecutive to the sentence imposed under indictment 1480-74. The total sentence therefore imposed by the Court is a maximum of fifty years.
The judgment of conviction and sentence shows the imposition of separate sentences for the first count of Indictment No. 1480-74, which charged the robbery, the second count, which charged the armed feature, and "an additional term of twenty-five years on Accusation No. 63-76 to run consecutively to sentence on Indictment No. 1480-74."[3] Whether attached to the armed feature or not, it is clear that the trial judge imposed a separate consecutive sentence for the conviction as a multiple offender. This was error.
A multiple offender is one who has been previously convicted of a high misdemeanor under the laws of New Jersey or of comparable crimes in other jurisdictions and is thereafter convicted of a misdemeanor or high misdemeanor in this State. N.J.S.A. 2A:85-8, 9 and 12; see Note, "New Jersey's Habitual Criminal Act," 11 Rutgers L. Rev. 654, *180 658 (1957). A second offender is one who is convicted of a misdemeanor or high misdemeanor under the laws of this State after having been convicted previously of a high misdemeanor or other qualifying crime. N.J.S.A. 2A:85-8. A second offender may be sentenced to imprisonment in State Prison for "not more than double the maximum period for which he might have been sentenced for a first offense." Id. A third offender is one who has previously been convicted of two high misdemeanors or other qualifying crimes, N.J.S.A. 2A:85-9, and "an habitual criminal" is one who has previously been convicted of three high misdemeanors or other qualifying crimes. N.J.S.A. 2A:85-12. A third offender is subject to imprisonment for not more than three times the maximum period for which he might have been sentenced for a first offense, N.J.S.A. 2A:85-9, and an habitual criminal is subject to imprisonment for "any term of years or for life." N.J.S.A. 2A:85-12.
Thus, the multiple offender law serves to increase the maximum sentence that may be imposed upon the subsequent conviction of a misdemeanor or high misdemeanor  in this case, the robbery. It does not authorize a separate, consecutive sentence. Moreover, it was improper to attach that consecutive sentence to the sentence imposed for the "armed feature" of the offense, as was done orally at the time of sentencing. N.J.S.A. 2A:151-5 does not establish an independent substantive offense but merely authorizes the imposition of an enhanced sentence for certain specified offenses committed by a person while armed with a dangerous weapon. State v. Gibson, 150 N.J. Super. 351, 356 (App. Div.), certif. den. 75 N.J. 20 (1977); State v. Quinones, 140 N.J. Super. 237 (App. Div. 1976), aff'd per curiam 75 N.J. 391 (1978). Separate sentences must be imposed for the robbery and the armed feature. State v. Cianci, 18 N.J. 191, 194 (1955), cert. den. 353 U.S. 940, 77 S.Ct. 819, 1 L.Ed.2d 763 (1957). Nevertheless, robbery remains the substantive crime and N.J.S.A. 2A:151-5 merely authorizes an increase in the penalty for committing that crime. *181 while armed. The violation of N.J.S.A. 2A:151-5 does not constitute a misdemeanor or high misdemeanor by itself. Here, it was the conviction for robbery that was the subsequent conviction which activated the multiple offender law.
Under N.J.S.A. 2A:85-8 and 9 it was the maximum sentence for robbery which became doubled or tripled as a potential sentence because of defendant's prior convictions.[4]N.J.S.A. 2A:85-8, 9 and 12 do not affect the enhancement of sentence provided by N.J.S.A. 2A:151-5. This is made clear by the fact that N.J.S.A. 2A:151-5 contains its own provisions for increasing the sentence for the "armed feature" upon a second, third, fourth or subsequent "conviction" (without defining the term "conviction," however).
Under N.J.S.A. 2A:141-1 the maximum sentence that may be imposed for robbery is 15 years. Thus, a person convicted of robbery who is also convicted as a multiple offender is subject to imprisonment for the robbery for a maximum of 30 years if he is a second offender or 45 years if he is a third offender. In this case, however, the sentencing judge did not sentence defendant to only one sentence for the robbery and one for the armed feature. Because of defendant's multiple offender status, the trial judge sought to attach a separate consecutive sentence to the sentence imposed for the robbery and the armed feature or for the armed feature alone. In our view this was improper. The trial judge should have imposed only one sentence for the robbery and one for the armed feature.
Since the sentence was illegal, we will not pass upon the contention that it was excessive and unduly punitive. Instead, we vacate the sentence imposed and remand the case for resentencing.
The conviction is affirmed; the case is remanded for resentencing.
NOTES
[1] A reply brief was filed by defendant pro se in which he reviews portions of the evidence and comments on the weight of evidence, the admission of certain evidence, such as the map of the area, and the nature of the police investigation. We have considered this brief and find no merit to defendant's contentions therein. R. 2:11-3 (e)(2).
[2] We do not find this contention raised below. The sentencing transcript shows that defense counsel urged that sentencing defendant as a multiple offender was cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and also represented selective enforcement of the law, which was arbitrary and capricious and represented a denial of fundamental fairness in violation of due process of law. See State v. Rowe, 140 N.J. Super. 5, 9 (App. Div.), certif. granted 71 N.J. 526 (1976).
[3] The judgment of conviction and sentence does not impose an additional 25 years on the "armed feature" as quoted above from the sentencing transcript. Normally, the sentence stated orally on the record controls where there is a conflict between the stated sentence and the judgment. State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956). The conflict is immaterial here since the sentence imposed as a multiple offender was illegal in any event, as the text of the opinion will demonstrate.
[4] Here, the potential maximum sentence was tripled since defendant was found guilty of having been convicted previously of two high misdemeanors as charged in the accusation.