**Charles JACKSON, Petitioner,**

**v.**

**Howard L. BEYER, et al., Respondents.**

**Civ. A. No. 90–2533.**

United States District Court,
D. New Jersey.

Oct. 29, 1990.

As Amended Nov. 14, 1990.

County Prosecutor, Newark, N.J., for respondents.

## OPINION

WOLIN, District Judge.

Petitioner, Charles Jackson, currently incarcerated at New Jersey State Prison in Trenton, New Jersey, has brought a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).[1] In support of his application, petitioner alleges the following: (1) that the State's failure to merge his conviction for attempted armed robbery with his conviction for felony murder violated petitioner's due process rights under the Fourteenth Amendment; (2) that petitioner was punished for both murder and the underlying felony in his conviction for felony murder in violation of the due process clause of the Fourteenth Amendment; (3) that petitioner's conviction for murder with a dangerous weapon constituted double punishment for acts already punished under separate convictions in violation of the double jeopardy clause of the Fifth Amendment; and (4) that enhancement of petitioner's sentences for two offenses pursuant to N.J.S.A. § 2A:151–5 violated the double jeopardy clause of the Fifth Amendment.

In opposition, respondent contends, inter alia, that the issues raised by petitioner pertain to matters of state sentencing and are thus not cognizable in a federal habeas corpus proceeding.

## I. FACTS AND PROCEDURAL HISTORY

On July 13, 1978, petitioner and two co-defendants were indicted in connection with an incident involving a murder and multiple robberies. The eight count indictment charged petitioner with murder, murder while armed, conspiracy to commit robbery, possession of a weapon, robbery of five individuals, robbery while armed, attempt-

Charles Jackson, Trenton, N.J., pro se.

Herbert H. Tate, Jr., Essex County Prosecutor, Virginia M. Lincoln, Asst. Essex

1. Section 2254(a) provides:
   The Supreme Court, a Justice thereof, a circuit judge or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a state court only on the ground that he is in custody in violation of the Constitution, laws or treaties of the United States.

ed robbery, and attempted robbery while armed.

Petitioner pled not guilty on all counts. Counts 3 (conspiracy to commit robbery) and 4 (possession of a weapon) were dismissed before trial, and the jury convicted petitioner on the remaining counts. Petitioner was sentenced to a life sentence on Count 1 (murder) and a five to seven year sentence on Count 2 (murder while armed) to run concurrent with the life sentence. Counts 5 (robbery) and 6 (robbery while armed) merged with Count 1 and were vacated. On Count 7 (attempted robbery), petitioner was sentenced to a consecutive term of two to three years; and on Count 8 (attempted robbery while armed), petitioner was given a three to four year consecutive term.

On June 17, 1981, the Appellate Division of the Superior Court of New Jersey affirmed both the conviction and sentence. The Supreme Court of New Jersey denied certification on June 8, 1982. Jackson's petition for post-conviction relief was denied by New Jersey Superior Court on October 30, 1987.

Petitioner thereafter appealed his denial of post-conviction relief to the Appellate Division. Relying exclusively on state law, the Appellate Division specifically rejected each of the four claims brought herein. This petition for writ of habeas corpus was filed on June 26, 1990.

The following facts were adduced at trial. On May 12, 1978, at about 8:45 p.m., Winifred Ashe entered the apartment of neighbor Ronald Henson and found Henson and three others, Alvin Peace, Jerome Hazel and Joseph Holman, lying on the floor with their hands tied behind their backs. Petitioner ordered Ashe to lie on the floor, at which point co-defendant Thomas Govan bound her hands behind her back. Both petitioner and Govan were armed, petitioner with a gun and Govan with a knife.

Govan searched Ashe's pockets and removed nine dollars. Govan also took between $150 and $200 from Hazel. There was a knock at the door and Louis Green entered the apartment. Petitioner demanded money from Green, but Green had none.

Green was then bound and ordered to join the others on the floor.

Before leaving, Govan searched the bedroom for valuables. While he was out of the room, Henson broke free, jumped up and ran at the petitioner. During the ensuing struggle, petitioner shot Henson three times. After the first shot, Govan ran from the bedroom and stabbed Henson in the back. The stab and all three gunshot wounds were fatal.

## II. DISCUSSION

### A. *Absence of Cognizable Issues*

■ Respondent contends that petitioner raises state sentencing issues that do not fall within the ambit of federal habeas review. A habeas claim must, by definition, allege a constitutional defect in the petitioner's incarceration to invoke federal jurisdiction. 28 U.S.C. § 2254(a), *Engle v. Isaac*, 456 U.S. 107, 120, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783, *reh'g den.*, 456 U.S. 1001, 102 S.Ct. 2286, 73 L.Ed.2d 1296 and 457 U.S. 1141, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1982) (if state prisoner alleges no deprivation of federal rights, § 2254 is inapplicable); *Milton v. Wainwright*, 407 U.S. 371, 377, 92 S.Ct. 2174, 2178, 33 L.Ed.2d 1 (1972). In short, a petition alleging only errors of state law is not reviewable in a habeas proceeding. *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42 (3d Cir.1984) (no due process right to the correct determination of issues of state law).

There is some uncertainty regarding the scope of federal review of state sentencing in the habeas context. Some courts have held that sentencing is a "matter of state criminal procedure and it does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus." *Grecco v. O'Lone*, 661 F.Supp. 408, 415 (D.N.J.1987); *Cole v. Wyrick*, 615 F.2d 1206, 1208 n. 5 (8th Cir.1980); *Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir. 1968), *cert. denied*, 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968). Under such a construction of 28 U.S.C. § 2254(a), this

Court would lack jurisdiction to review petitioner's claims.

■ However, no sentence is per se constitutional and thus immune from review. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). Moreover, Congress has determined that habeas corpus is the appropriate remedy for state prisoners challenging the validity of or length of their confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Where a petition alleges a constitutional defect in a state sentencing proceeding, this Court cannot simply disregard such a claim because it falls under the rubric of sentencing. Such a result would be inconsistent with this Court's statutory obligation under § 2254(a) to review allegations of unconstitutional confinement. Therefore, this Court holds that where a habeas petition raises colorable issues of constitutional law, the fact that the claim involves sentencing concerns cannot bar federal review.

The Court next must consider whether the claims brought by petitioner satisfy the constitutional prerequisite. Respondent argues that none of the issues raised by petitioner implicate the Constitution and, as such, are not cognizable in a federal habeas corpus proceeding. The Court disagrees and finds that all of petitioner's claims are of sufficient constitutional dimension to invoke jurisdiction under 28 U.S.C. § 2254(a).

■ Under Claim I, petitioner alleges that the State's failure to merge Counts 7 and 8 (attempted armed robbery) with Count 1 (felony murder) violated the due process clause of the Fourteenth Amendment. The failure to merge separate convictions, in certain circumstances, offends notions of fundamental fairness. *See Williams v. Oklahoma*, 358 U.S. 576, 584–585, 79 S.Ct. 421, 429, 3 L.Ed.2d 516 (1959),

*reh'g denied*, 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763 (1959). Where such a failure results in multiple punishment for the same offense, the Fifth Amendment's prohibition against double jeopardy is implicated as well. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[2] Claim I, therefore, satisfies the jurisdictional threshold of § 2254(a).

■ In Claim II, petitioner contends that he was punished for both the greater and lesser offenses in his felony murder conviction in violation of the due process clause of the Fourteenth Amendment. Where the applicable state law so provides, the conviction for both offenses in a felony murder conviction gives rise to a double jeopardy claim. *Jones v. Thomas*, 491 U.S. 376, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989); *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).[3] In New Jersey, the courts have determined that to sentence a defendant for both felony murder and the underlying felony would violate the Fifth Amendment. *New Jersey v. Hubbard*, 123 N.J.Super. 345, 352, 303 A.2d 87 (App.Div.1973), *certif. denied*, 63 N.J. 325, 307 A.2d 98 (1973). Therefore, under *Thomas* and *Hunter*, Claim II raises a cognizable double jeopardy claim and therefore merits our consideration in this proceeding.

■ Claims III and IV cite double jeopardy violations in the enhancement of multiple sentences under N.J.S.A. § 2A:151–5. Convictions under sentencing enhancement statutes may, in certain circumstances, entail double jeopardy considerations. *See Simpson v. United States*, 435 U.S. 6, 7, 11, 98 S.Ct. 909, 910, 912–913, 55 L.Ed.2d 70 (1978). As Claims III and IV raise such an issue, they are both sufficient to invoke jurisdiction under 28 U.S.C. § 2254.

---

**2.** Although Jackson's petition does not specifically allege a violation of the Fifth Amendment under Claim I, the argument is not precluded from review. Pro se petitions are held to less stringent standards than those drafted by lawyers, and should be given liberal construction. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Claim I of Jack- son's petition may therefore be construed to entail double jeopardy considerations.

**3.** Like Claim I, Claim II does not allege a violation of the Fifth Amendment double jeopardy clause, but, to accord fairness to petitioner, the Court will interpret Claim II of the petition to raise such a claim. *See supra* note 2.

The Court finds that all of petitioner's claims entail the requisite constitutional issues. Accordingly, Jackson's petition is entitled to federal habeas corpus review in its entirety.

## B. *Failure to Merge Attempted Armed Robbery with Felony Murder*

■ First, petitioner contends that Counts 7 and 8 (attempted robbery and enhancing penalty for bearing a weapon) should have been merged with Count 1 (felony murder). In support of his contention, petitioner states that the underlying felony in his felony murder conviction, armed robbery (Counts 5 and 6), is not factually distinguishable from Counts 7 and 8, but, rather, all were part of a single criminal transaction and should have been punished as such. It is said that the failure to merge these counts deprived petitioner of his rights under the Fourteenth and, as the Court has construed Jackson's petition,[4] Fifth Amendments. The Court disagrees.

■ The question of whether a failure to merge certain convictions is a violation of due process depends on whether the relevant state law requires such a merger. *Williams*, 358 U.S. at 585, 79 S.Ct. at 429. In *Williams*, the Court held that since Oklahoma law established kidnapping and murder as separate crimes, the two convictions need not be merged even though both were part of a single episode of criminal activity. *Williams*, 358 U.S. at 584–585, 79 S.Ct. at 429. Therefore, the imposition of sentences for both convictions was not a deprivation of due process. *Williams*, 358 U.S. at 385, 79 S.Ct. at 429.

■ In the present case, New Jersey caselaw holds that where a robbery of multiple persons is charged under separate counts of an indictment, the convictions on the separate counts need not be merged. *State v. Jackson*, 157 N.J.Super. 320, 322–

323, 384 A.2d 1102 (App.Div.1978); *State v. Hoag*, 21 N.J. 496, 502, 122 A.2d 628 (1956), *aff'd*, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958) (where multiple persons are robbed in same holdup, defendant commits a separate and independent act with respect to each victim). Under New Jersey law, the attempted robbery of Greene constituted an offense distinct from the other offenses and thus did not require a merger with Count 1.[5] Therefore, the State's refusal to merge Counts 7 and 8 with Count 1 did not violate the due process clause of the Fourteenth Amendment.

■ The Court has construed petitioner's first claim to include a double jeopardy claim in addition to the Due Process argument.[6] Here, the argument would allege that Counts 7 and 8 are duplicative of Count 1, and therefore, the imposition of separate convictions constitutes double punishment for the same offense. *See Pearce*, 395 U.S. at 717, 89 S.Ct. at 2076. The Court has already determined, however, that under New Jersey law the attempted armed robbery was an offense distinguishable from the robberies underlying the felony murder conviction. Accordingly, the Court rejects the double jeopardy argument under this first claim.

## C. *Punishment for the Lesser Offense in the Felony Murder Conviction*

Under his second claim, petitioner contends that Count 7 (attempted robbery) may have been the underlying conviction for the murder conviction under Count 1. Petitioner further argues that the failure to merge the two offenses resulted in his punishment for both the greater and lesser offenses in his felony murder conviction in violation of the due process clause of the Fourteenth Amendment. Additionally, the Court has interpreted this claim to allege

---

**4.** *See supra* note 2.

**5.** The "mere happenstance" that Green's lack of money resulted in a separate conviction for attempted robbery does not alter the applicability of the rule in *Jackson*. The fact remains that under New Jersey law, the robbery, or attempted robbery, of an individual during the simulta-

neous robbery of another person constitutes a *separate and distinct offense* for which he may be punished separately. *Jackson*, 157 N.J.Super. at 322–323, 384 A.2d 1102.

**6.** *See supra* note 2.

that the foregoing also violates the double jeopardy clause of the Fifth Amendment.[7]

■ New Jersey caselaw holds that the sentencing of a defendant for both felony murder and the underlying felony constitutes double punishment in violation of the Fifth Amendment. *Hubbard,* 123 N.J.Super. at 352, 303 A.2d 87. Here, however, the convictions underlying the felony murder conviction were Counts 5 and 6, which were vacated at sentencing. Petitioner nonetheless contends that the judge failed to adequately delineate which counts were to support the felony murder conviction; as such, there is no way to determine whether Count 5 or Count 7 constituted the basis for the jury's felony murder verdict.

This contention is without merit. Upon a careful review of the record, the Court finds that the judge's charge to the jury clearly informed the jury that the armed robbery of Henson was the offense underlying the charge of felony murder.[8] Therefore, Count 7 was not the lesser offense in petitioner's conviction for felony murder. Accordingly, the State's failure to merge Count 7 with Count 1 did not violate the Fifth or Fourteenth Amendment.

### D. *Murder While Armed as Double Punishment*

■ Third, petitioner alleges that Count 2 (enhancement of murder sentence for committing the offense while armed) constitutes double punishment for acts already punished in Counts 5 and 6 (armed robbery). Petitioner argues that since Counts 5 and 6 were merged with Count 1, a weapons offense was already reflected in his conviction; therefore, a separate sentence under Count 2 constituted double punishment in violation of the Fifth Amendment. The Court disagrees.

■ This Court's authority to review state sentences is, as previously indicated,

sharply circumscribed. In the multiple punishments context, the scope of review under the Fifth Amendment is limited to ensuring that the sentencing court does not prescribe greater punishment than the legislature intended. *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 362, 107 L.Ed.2d 349 (1990), *Thomas,* 109 S.Ct. at 2525; *Hunter,* 459 U.S. at 366, 103 S.Ct. at 678; *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487 (1989). "The purpose is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government...." *Thomas,* 109 S.Ct. at 2525. The Court therefore looks to the New Jersey Legislature's intent as interpreted by the courts of New Jersey to determine whether it was permissible to sentence petitioner under Count 2.

When Count 6 (attempted robbery while armed) was merged into the felony murder conviction under Count 1, the sentence was vacated and the count dismissed. Under New Jersey law, that count became a nullity. *See State v. Rodriquez,* 97 N.J. 263, 269, 271, 478 A.2d 408 (1984) (the merged offense is "set aside" and has no penal consequence); *State v. Landeros,* 32 N.J. Super. 168, 172, 108 A.2d 11 (App.Div. 1954), *rev'd on other grounds,* 20 N.J. 69, 118 A.2d 521 (1955), *cert. denied,* 351 U.S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486 (1956). Thus, under New Jersey law, petitioner was not punished for Count 6. Consequently, petitioner's sentence for that offense does not constitute double punishment.

Moreover, the courts of New Jersey have determined that the Legislature's intent in passing N.J.S.A. § 2A:151–5 was to enhance the sentences of those offenses committed while using a weapon. *State v. James,* 165 N.J.Super. 173, 180–181, 397 A.2d 1113 (App.Div.1979); *State v. Carlos,*

---

7. *See supra* notes 2 and 3.

8. The judge's instruction to the jury on this matter reads in relevant part:
   before you find him guilty of murder in the first degree, the State must prove to your satisfaction that a robbery of the *decedent,*

*Henson,* occurred on May 12, 1978, and that Charles Jackson willfully and knowingly either committed the robbery or aided and abetted others in the commission of that robbery. Trial transcript of May 16, 1979 (emphasis added).

187 N.J.Super. 406, 418, 455 A.2d 89 (App. Div.1982). The New Jersey Legislature's intent would indeed be frustrated if this Court cited a double jeopardy violation where the alleged double punishment has been set aside. The Court declines to do so.

### E. *Count Eight as Double Punishment*

■ In his final claim, petitioner contends that Count 8 (attempted robbery while armed) should be vacated as double punishment for acts already punished in Count 2 (murder while armed). The Court disagrees.

Because petitioner raises a double jeopardy claim, jurisdictional requirements constrain the limits of our review to a consideration of whether the sentencing court has overstepped the boundaries established by the legislature by imposing multiple sentences. *Thomas*, 109 S.Ct. at 2525; *Hunter*, 459 U.S. at 368, 103 S.Ct. at 679; *Halper*, 109 S.Ct. at 1903. The Court must therefore examine New Jersey law to determine whether petitioner's convictions under Counts 2 and 8 constitute double punishment.

Petitioner's contention misconceives the nature of the penal consequences under N.J.S.A. § 2A:151–5. The statute does not create an independent substantive offense for which petitioner was "punished." *James*, 165 N.J.Super. at 180, 397 A.2d 1113. Rather, § 2A:151–5 merely authorizes the imposition of an enhanced penalty for certain enumerated offenses committed while the offender is armed. *James*, 165 N.J.Super. at 180–181, 397 A.2d 1113. Thus, rather than being sentenced for two counts of being armed, defendant was actually sentenced on Count 1 and Count 7 and both sentences were enhanced under N.J.S.A. § 2A:151–5 due to the armed nature of the offense. *See Carlos*, 187 N.J.Super. at 418, 455 A.2d 89 ("No merger is required where the possession or use of the deadly weapon has caused the sentence to be increased on several counts."). Therefore, under the New Jersey judiciary's construction of § 2A:151–5, the enhancement of the sentences for both Counts 1 and 7 pursuant to that statute did not violate the double jeopardy clause of the Fifth Amendment.

### III. CONCLUSION

After carefully examining the record, the Court is satisfied that there has been no infringement of petitioner's constitutional rights. The State's refusal to merge Counts 7 and 8 (attempted armed robbery) with Count 1 (felony murder) did not deprive petitioner of his rights under the Fifth or Fourteenth Amendments. Additionally, petitioner was not "punished" for Counts 5 and 6 (armed robbery) after they were merged with Count 1 within the meaning of the double jeopardy clause of the Fifth Amendment. Finally, the enhancement of petitioner's sentences for both Count 1 and Count 7 did not violate the double jeopardy clause. Accordingly, the Court will deny the petition for a writ of habeas corpus.