(No. 50684.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ALBERT BANKS, Appellee.

*Opinion filed January 26, 1979.*

384

William J. Scott, Attorney General, of Springfield, and Clyde L. Kuehn, State's Attorney, of Belleville (Donald B. Mackay, Melbourne A. Noel, Jr., and Dale M. Bennett, Assistant Attorneys General, of Chicago, and Bruce D. Irish and Raymond F. Buckley, Jr., of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Charles L. Grotts, Assistant Public Defender, of Belleville, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The St. Clair County grand jury, in September 1975, charged the defendant, Albert Banks, and his wife, Debra

Banks, with aggravated battery, and with robbery "in that they did take property, being two (2) rings from the person or presence of Zilphia Lauderdale, by the use of force" on August 11, 1975. Later the court granted a motion for severance. Well over two years after the indictment, the defendant's motion to dismiss the count of robbery was granted by the circuit court "for failure to state the offense of Robbery in that Count I of the indictment fails to allege the necessary element of intent to permanently deprive the victim of the use or benefit of the property pursuant to *People v. White*" (1977), 67 Ill. 2d 107. Although the court gave the State leave to amend, the State refused and appealed (58 Ill. 2d R. 604(a)(1)). We allowed direct appeal to this court (58 Ill. 2d R. 302(b)).

The State urges us either to overrule *People v. White* (1977), 67 Ill. 2d 107, because, in its view, that decision's holding that robbery is a specific intent crime was incorrect, or, at least, to modify *White* because, the State contends, the concept of permanent deprivation was not essential to the resolution of the case in *White* nor intended by the legislature. Alternatively, the State asks that *White* be applied prospectively. The defendant maintains permanent deprivation is crucial, both in *White* and here, and necessitates an explicit statement in a charging instrument. This is so, he believes, because permanent deprivation is an essential part of the specific intent to deprive a person of property; and the defendant planned to introduce evidence at trial of his intention of returning the rings to the alleged victim who, he claims, had taken credit cards from him and his wife.

We see the issue as whether the specific intent to permanently deprive a person of his or her property is an element which must be found present at the time of robbery, and must be charged in the indictment. In other words, whether *People v. White* should be overruled or

modified.

The statutory provision for robbery states that:

> "(a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.
>
> (b) Sentence.
>
> Robbery is a Class 2 felony."
>
> "(a) A person commits armed robbery when he violates Section 18—1 while armed with a dangerous weapon.
>
> (b) Sentence.
>
> Armed robbery is a Class 1 felony for which an offender may not be sentenced to death." Ill. Rev. Stat. 1975, ch. 38, pars. 18—1, 18—2.

In *People v. White* (1977), 67 Ill. 2d 107, 119-20, the defendant, armed with a revolver and accompanied by an accomplice, had entered a motel, jumped over the desk, taken money from the cash register, and attempted to flee as police arrived. He argued that his intoxication had prevented formation of "the requisite intent to commit the offense" of robbery. (67 Ill. 2d 107, 109.) Neither the circuit court nor the appellate court was persuaded, the latter holding that intent was not an element of robbery, so that intoxication could not be a defense. This court held, to the contrary, that "the intent to deprive the person from whom the property is taken permanently of its use or benefit is an element" of robbery (67 Ill. 2d 107, 117), and that intoxication is a defense (67 Ill. 2d 107, 118-19). This court affirmed the appellate court, however, because the evidence insufficiently established negation of the intent by intoxication.

A literal reading of sections 18—1 and 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 18—1, 18—2), quoted above, indicates permanent deprivation is not an essential character of the crime of robbery. However, at common law, it was. In *Hall v. People* (1898), 171 Ill. 540, 542, this court pointed out the distinction

between larceny and robbery: "[T]he gist of the offense [of robbery] is the force or intimidation, and the taking from the person, against his will, a thing of value belonging to the person assaulted." (Accord, *e.g., Burke v. People* (1893), 148 Ill. 70, 74, and *People v. White* (1977), 67 Ill. 2d 107, 110.) That is, the elements of robbery were the same as larceny plus two: (1) a taking from the person or presence of the victim (2) by force or intimidation. (W. LaFave & A. Scott, Criminal Law 692 (1972).) One of the elements of larceny at common law was the intent to deprive the owner of property permanently. (*People v. De Stefano* (1961), 23 Ill. 2d 427, 430; see *People v. Pastel* (1923), 306 Ill. 565, 568; *cf.* Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d).) Hence, permanent deprivation was perceived as essential to the offense of robbery at common law. W. LaFave & A. Scott, Criminal Law 694 n.15 (1972).

Yet the concept of permanent deprivation was not, and is not, as uniformly accepted as that last statement might imply—and for good reason. It would be a dangerous policy indeed were the law to countenance the forcible but temporary taking by one person, with a claim or demand, real or imagined, from another. (M. Bassiouni, Criminal Law 337 (1978).) To secure a debt or, as alleged here by the defendant, to guarantee the return of an object, allegedly taken from the defendant by the victim, simply does not justify the seizure of another's property by the exercise of intimidation, sometimes violent. "There would be no longer need for courts of justice. Every creditor [or claimant] would carry his court of appeal in his hip pocket!" (Annot., 135 Am. St. Rep. 474, 487 (1911). Accord, W. LaFave & A. Scott, Criminal Law 694 n.14 (1972). See 36 C.J. *Larceny* secs. 105, 106 (1924).) Cases defining robbery simply did not mention permanent deprivation. (*E.g., People v. Carpenter* (1924), 315 Ill. 87, 89, *People v. Steenbergen* (1964), 31 Ill. 2d 615, 619.) Admittedly the failure to mention permanent deprivation

is hardly decisive. Yet those cases emphasize what is essential to the offense of robbery, without precisely holding so: depriving a person, in his or her presence, of property, through force or intimidation. As a matter of policy, we do not think the duration of the deprivation is pertinent nor intended to be so by the legislature. (See *People v. Williams* (1961), 23 Ill. 2d 295, 301-02, and *People v. Nevin* (1931), 343 Ill. 597, 600.) The various definitions of "deprivation" or "deprive" emphasize this; for example, Webster's Third New International Dictionary 606 (1971) defines "deprive" as "to take away: remove, destroy; to take something away from: divest, bereave; *** to keep from the possession, enjoyment, or use of something." Black's Law Dictionary 529 (rev. 4th ed. 1968) defines "deprive" as "[t]o take *** a taking altogether, a seizure, a direct appropriation, dispossession of the owner. *** It connotes want of consent." What is relevant then is the substantial interference, temporary or permanent, with property rights without consent. And what is intended by the legislature is "to prevent the use of force and threats against persons as a means of inducing them to part with their property. The intent to steal may include the intent to permanently deprive but is not limited to it and extends to the taking away, stealing, or even preventing the owner from his or her continued and free enjoyment of his property." (M. Bassiouni, Criminal Law 336-37 (1978).) Therefore, we conclude that, on its facts, *White* held that robbery requires a specific intent to deprive another, in his or her presence, of property, and that therefore intoxication would be a defense. Permanent deprivation was merely an adjunct to that holding, and is not required by section 18—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—1).

There remains for our consideration the State's argument that *White* incorrectly held that robbery is a specific intent crime. This court's deliberate analysis in

*White* determined that the specific intent to deprive was an element of robbery despite decisions to the contrary. (67 Ill. 2d 107, 109-17.) The confusion developed, according to this court, because of its misreading, in *People v. Emerling* (1930), 341 Ill. 424, of *People v. Hildebrand* (1923), 307 Ill. 544. (67 Ill. 2d 107, 112-15.) From 1874 until 1919, the robbery statute provided:

> "Robbery is the *felonious* and violent *taking* of money, goods or other valuable thing, from the person of another by force or intimidation. Every person guilty of robbery shall be imprisoned in the penitentiary not less than one year nor more than fourteen years; or if he is armed with a dangerous weapon, *with intent*, if resisted, *to kill or maim* \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1874, ch. 38, par. 246.)

Two requirements of specific intent are set out above, according to *White*—the second specific intent referring to armed robbery (67 Ill. 2d 107, 114). *White* interpreted "felonious \*\*\* taking" to mean specific intent because larceny, considered a lesser included offense of robbery, is a specific intent crime, and because *People v. Ware* (1961), 23 Ill. 2d 59, 62, equated "felonious \*\*\* taking" with "criminal purpose." (67 Ill. 2d 107, 110-12. Accord, *Guffey v. Continental Casualty Co.* (1921), 109 Kan. 61, 65, 197 P. 1098, 1099. See Note, *Illinois Robbery Statute Construed: The Introduction of a Specific Intent Element—People v. White*, 27 DePaul L. Rev. 837, 839-42 (1978).) *People v. Hildebrand* (1923), 307 Ill. 544, 555, had held that no question of intent to kill or maim, required by the robbery statute since 1874, was involved because that "second intent" of the robbery statute had been deleted in 1919 by the legislature (1919 Ill. Laws 427, 431; Hurd's Rev. Stat. 1919, ch. 38, par. 246). *People v. Emerling* (1930), 341 Ill. 424, 428-29, then cited *Hildebrand* as authority for its holding that specific intent to rob or deprive need not be charged or proved. This court, in *White*, concluded that, on the contrary, specific

intent to deprive had always been a requisite element of robbery; that *Hildebrand* had not held otherwise; and that *Emerling,* accordingly, was incorrect. This court also concluded, therefore, that at the time the Criminal Code of 1961 was adopted, specific intent had been a requisite element of robbery. Because the legislature intended no change (Ill. Ann. Stat., ch. 38, par. 18—1, Committee Comments, at 213 (Smith-Hurd 1970)), this court reasoned in *White* (67 Ill. 2d 107, 114-15) that specific intent to deprive has remained a requisite element.

Although the analysis in *White* is enticing, this court attributed to the legislature knowledge or an intention it never had when enacting the Criminal Code of 1961. Decisions prior to (and after) the enactment have held that specific intent is not an element of robbery: *People v. Cassidy* (1946), 394 Ill. 245, 246; *People v. Johnson* (1931), 343 Ill. 273, 277 (where intoxication, as in *White,* was involved); and *People v. Bartz* (1930), 342 Ill. 56, 67 (where intoxication was involved). (Those cases also misread *Hildebrand,* but that is not pertinent here. What is relevant is the legislature's intention at the time it enacted the Code. At that time robbery was considered a general intent crime; and the legislature intended no change.) (Accord, *e.g., People v. Whelan* (1971), 132 Ill. App. 2d 2, 3-4; *People v. Marshall* (1968), 96 Ill. App. 2d 124, 127.) Other jurisdictions have interpreted similarly worded robbery statutes as requiring only general intent. (*E.g., State v. Thompson* (1976), 221 Kan. 165, 558 P.2d 1079, and *Traxler v. State* (1952), 96 Okla. Crim. 231, 251 P.2d 815.) Neither section 18—1 nor section 18—2 enumerates a requisite element of specific intent. (Ill. Rev. Stat. 1975, ch. 38, pars. 18—1, 18—2.) The committee comments to section 18—1, prior to this court's holding in *White,* unquestionably state there is no such requirement: "This section codifies the law in Illinois on robbery and retains the same penalty. No change is intended. \*\*\* No intent

element is stated as the taking by force or threat of force is the gist of the offense and no intent need be charged. (See *People v. Emerling,* 341 Ill. 424, 173 N.E. 474 (1930).)" (Ill. Ann. Stat., ch. 38, par. 18—1, Committee Comments, at 213 (Smith-Hurd 1970).) We feel compelled to rectify our error and defer to legislative prerogative. For these reasons, we hold that robbery does not require specific intent. *People v. White* (1977), 67 Ill. 2d 107, is overruled.

We turn finally to the question of whether the indictment sufficiently stated the offense of robbery. We believe it did. This court has consistently held that an indictment which charges an offense in the language of the statute is sufficient if the words of the statute particularize the offense so that an accused is apprised, with reasonable certainty, of the precise offense. (*McCutcheon v. People* (1873), 69 Ill. 601, 605-06; *People v. Isaacs* (1967), 37 Ill. 2d 205, 210; *People v. Mills* (1968), 40 Ill. 2d 4, 11; *People v. Dickerson* (1975), 61 Ill. 2d 580, 582.) Such specificity is required in order to inform the accused, thus facilitating a competent defense preparation, and to permit the accused to plead a judgment as a bar to a future prosecution for the same offense. (*People v. Harvey* (1973), 53 Ill. 2d 585, 588.) On the other hand, this court has discouraged verbosity:

"[T]hese great niceties and strictness in pleadings should only be countenanced when it is apparent defendant might be surprised on the trial or unable to meet the charge, and beyond this particularity of specification, might furnish a means of evading the law rather than defending against accusation." *McCutcheon v. People* (1873), 69 Ill. 601, 605, citing *Cannady v. People* (1855), 17 Ill. 158, 160.

The determination of whether these standards have been met is accomplished by reference to the plain and ordinary meaning of the words of the charging instrument

(*People v. Dickerson* (1975), 61 Ill. 2d 580, 582) as read and interpreted by a reasonable person. (See *People v. Beck* (1976), 42 Ill. App. 3d 923, 924, in which the court found sufficient a robbery indictment which had not specified the intent to permanently deprive the victim of property, because it "would be contrary to experience and reason" to conclude that the forcible taking of money from a stranger was not done with such intent.) In the instant case, the indictment, quoted above in the first paragraph, is set out in the language of the statute (Ill. Rev. Stat. 1975, ch. 38, par. 18—1). It would be contrary to reason and experience to assume that, first, the defendant was not informed of the precise charge against him and, second, that the intent to deprive a person of his or her property could not be inferred from the language employed.

For the reasons stated, the circuit court's order dismissing the count of robbery was in error, and we reverse and remand for further proceedings.

*Reversed and remanded.*