THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT JACKSON, Defendant-Appellant.

Fifth District    No. 78-502

Opinion filed October 11, 1979.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, and Joseph Colussi, law student, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant was charged with two counts of armed robbery on November 2, 1977, and was subsequently convicted on both counts in a jury trial on July 27, 1978. He was sentenced to 4 to 12 years imprisonment. He contends that the identification testimony was so vague and conflicting that he was not proved guilty beyond a reasonable doubt, and that certain erroneous instructions were given by the trial court. We affirm.

■■ Appellant's argument that the identification testimony of the two complaining witnesses contained numerous discrepancies such that he was not proved guilty beyond a reasonable doubt is without merit. The conviction will stand if the witnesses made a positive identification under conditions adequate for observation. (*People v. Hefner* (1979), 70 Ill. App. 3d 693, 695, 388 N.E.2d 1059.) A review of the record evidences the existence of such conditions and two independent but positive identifications. And the discrepancies complained of went only to the weight of the identification testimony and were for the trier of fact to evaluate. (*People v. Hefner*; *People v. Mendoza* (1978), 62 Ill. App. 3d 609, 378 N.E.2d 1318; *People v. Myatt* (1978), 66 Ill. App. 3d 642, 645, 384 N.E.2d 85.) We find no error.

■■ Appellant also contends the jury was inadequately instructed on the crime of armed robbery, in that the trial court refused to instruct that "intent to permanently deprive" was an element of the offense. While the State argues that this point has been waived, we find appellant's contention to be without merit. The Illinois Supreme Court in *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244, explicitly overruled the earlier case of *People v. White* (1977), 67 Ill. 2d 107, 365 N.E.2d 337, which had found that intent to permanently deprive was an element of armed robbery. After reviewing the legislative history and case law and determining that the manner rather than the duration of deprivation was the essence of armed robbery, the *Banks* court went on to hold:

"Although the analysis in *White* is enticing, this court attributed to the legislature knowledge or an intention it never had when

enacting the Criminal Code of 1961. Decisions prior to (and after) the enactment have held that specific intent is not an element of robbery * * *. (* * * What is relevant is the legislature's intention at the time it enacted the Code. At that time robbery was considered a general intent crime; and the legislature intended no change.) * * * Neither section 18—1 nor section 18—2 enumerates a requisite element of specific intent. (Ill. Rev. Stat. 1975, ch. 38, pars. 18—1, 18—2.) The committee comments to section 18—1, prior to this court's holding in *White*, unquestionably state there is no such requirement: 'This section codifies the law in Illinois on robbery and retains the same penalty. No change is intended. * * * No intent element is stated as the taking by force or threat of force is the gist of the offense and no intent need be charged. [Citation.]' (Ill. Ann. Stat., ch. 38, par. 18—1, Committee Comments, at 213 (Smith-Hurd 1970).) We feel compelled to rectify our error and defer to legislative prerogative. For these reasons, we hold that robbery does not require specific intent. *People v. White* (1977), 67 Ill. 2d 107, is overruled." (75 Ill. 2d 383, 391-92.)

It is clear that the statutory elements of the crime of armed robbery have remained the same since 1961. While appellant argues for a windfall that is contrary to both the explicit wording of the legislation and the holding in *Banks*, it is clear that the jury was instructed in accordance with what have always been the enumerated statutory elements of armed robbery, to-wit: that appellant was guilty if the State proved beyond a reasonable doubt that he took the currency "by the use of force or by threatening the imminent use of force" while armed with a dangerous weapon. Therefore, we find no error.

The judgment of the circuit court of St. Clair County is therefore affirmed.

Judgment affirmed.

JONES, P. J., and KARNS, J., concur.