THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HARMON TYLLAS, Defendant-Appellant.

First District (4th Division)    No. 80-756

Opinion filed April 23, 1981.

Ralph Ruebner and Stewart M. Weltman, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Richard F. Burke, and Barry A. Gross, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Defendant, Harmon Tyllas, was convicted following a jury trial of armed robbery and armed violence (Ill. Rev. Stat. 1977, ch. 38, pars. 18—2 and 33A—2), and sentenced to a term of 6 years on the armed robbery conviction only. On appeal, defendant contends that the trial court committed reversible error in four instances: (1) by tendering to the jury instructions defining the offense of armed robbery omitting the element of "a specific intent to permanently deprive" the victims of their property; (2) by tendering to the jury instructions on both armed robbery and armed violence; (3) by excluding from evidence a police artist's sketch of the alleged offender; and (4) in denying defendant's motion for

a mistrial after a State's witness testified that after he gave defendant *Miranda* warnings, defendant remained silent.

We affirm as modified.

The record shows there was an armed robbery at the Customer Service Center of the Carson Pirie Scott department store in Wilmette on August 22, 1978, at about 11:15 a.m. The offender held a dark automatic pistol on two store employees and directed one of them to place the money from a cash drawer into a brown paper bag. Several days after the armed robbery, defendant was identified as the robber in a police lineup by one of the victims and by another Carson's employee who witnessed the robbery through a glass partition. Several days after the lineup, the second victim also identified defendant from a display of 14 photographs shown to her at the police station. All three occurrence witnesses again identified defendant in court as the robber. A fourth State's witness identified a photograph of defendant's car as the red foreign model with a white top that he saw being driven by a man from the parking lot west of the Carson's store at 11:15 a.m. on the day of the robbery. This witness' attention was directed toward the man as he ran across the parking lot carrying a brown paper bag then ducked down between the cars when a squad car cruised through the parking lot. The witness also observed that the first two figures on the car license plate were JK. Defendant's car bore license plate JK 9475. Several days later defendant was arrested, and an automatic pistol was recovered from him during his arrest.

## I

■■ Defendant contends, in reliance on *People v. White* (1977), 67 Ill. 2d 107, 117, 365 N.E.2d 337, that an element of the offense of armed robbery in 1978 was the specific "intent to deprive the person from whom the property is taken permanently of its use or benefit." Consequently, he argues that the trial court's refusal to include the intent element in the jury instructions lessened the State's burden of proof and constituted a violation of the due process and the *ex post facto* clauses of the Federal and State constitutions. We disagree.

*People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244, which was decided prior to the time of defendant's trial, overruled *White* and held that armed robbery does not require a specific intent. (*People v. Jackson* (1979), 76 Ill. App. 3d 1034, 1036, 395 N.E.2d 766; *People v. Houston* (1979), 74 Ill. App. 2d 586, 593, 393 N.E.2d 529; *People v. Bradley* (1979), 73 Ill. App. 3d 347, 349, 391 N.E.2d 1078.) Defendant herein has at all times had notice of the legislatively propounded elements of the offense of armed robbery. As we stated in *People v. Jackson*, at page 1036, "the statutory elements of the crime of armed robbery have remained the same since 1961 * * * [I]t is clear that the jury was instructed in

accordance with what have always been the enumerated statutory elements of armed robbery * * *." Hence there is no merit in defendant's first contention.

## II

Defendant next claims that it was error for the trial court to exclude from evidence a police artist's sketch of the alleged offender. The sketch, made shortly after the armed robbery, was a composite of the descriptions of the offender as given by the two victims and the witness. The court denied defendant's request to introduce the sketch for impeachment purposes, and an offer of proof was made. Defendant argues that each witness adopted the sketch. The offer of proof established that although the witness stated the drawing bore a likeness to the offender, each of them mentioned various discrepancies in physical characteristics to the police artist and at the trial. The trial court ruled that none of the witnesses had adopted the sketch and that it was inadmissible hearsay.

■■■ The rule governing the admissibility of police artist's sketches and composites is that, when the person giving the description upon which the sketch or composite is based testifies, under oath, as to his statement concerning the description of the offender which he gave to the police artist, the hearsay rule does not operate to bar the admission of an otherwise authenticated sketch or composite. The sketch has the effect of an extrajudicial identification much the same as testimony that the victim has identified the defendant from a photograph or from a lineup. (*People v. Rogers* (1980), 81 Ill. 2d 571, 578-80, 411 N.E.2d 223, holding that the trial court correctly admitted a composite sketch as evidence corroborating a witness' in-court identification of the defendant.)[1] We believe that discrepancies between the sketch and the defendant's actual physical appearance go to the credibility of the witness. We therefore conclude that in this case the trial court should have admitted the sketch which defendant sought to employ for possible impeachment of the identification witnesses on cross-examination. But, if the error did occur, it does not require reversal of his conviction in the face of the overwhelming evidence against him.

## III

Defendant's third contention is that it is erroneous to give jury instructions on both armed robbery and armed violence. Defendant argues that the two offenses are identical and that giving instructions

---

[1] We note that the supreme court in *Rogers* implicitly overruled the prior view propounded in *People v. Burgin* (1979), 74 Ill. App. 3d 58, 392 N.E.2d 251, and *People v. Tedder* (1980), 83 Ill. App. 3d 874, 404 N.E.2d 437, that a police artist's sketch was only admissible into evidence where the witness upon whose description the sketch was based adopted the sketch as substantially accurate, thereby making it the statement of that witness.

on both is prejudicial in that it misleads the jury into believing that they are confronted with the question of his guilt or innocence on two separate crimes.

In 1978 the legislature amended the elements of the offense of armed violence. The statute now reads: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1979, ch. 28, par. 33A—2.) The armed robbery statute provides: "A person commits armed robbery when he or she [commits robbery] while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a).) Both armed violence where the weapon used is a gun and armed robbery are Class X felonies.

■■ We have recently addressed two related issues concerning multiple offenses having parallel elements. However, each case was limited to the legal effect of either multiple convictions or a conviction on one offense and an acquittal on its counterpart. In *People v. Jones* (1980), 89 Ill. App. 3d 1030, 412 N.E.2d 683, defendant was convicted by a jury of, *inter alia*, armed robbery and armed violence based on the armed robbery. We held that prejudice resulted to the defendant from multiple convictions where more than one offense arose from the same physical act (*People v. King* (1977), 66 Ill. 2d 551, 556, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273), and we concluded that it was proper to enter judgment and sentence only on the more serious of the offenses. We further concluded that armed robbery was the more serious offense. Armed robbery is a Class X felony in all cases and occurs when any "dangerous weapon" is used. On the contrary, armed violence is a Class X felony if committed with what is defined as a "Category I" weapon, but carries the lesser penalty of a Class 2 felony if committed using a "Category II" weapon. In addition, armed robbery is the more specific of the two offenses and prevails over the less specific offense. Consequently, we set aside the conviction and sentence for armed violence. Accord *People v. Crawford* (1980), 90 Ill. App. 3d 888, 890, 414 N.E.2d 25.

In *People v. Johnson* (1980), 87 Ill. App. 3d 306, 310, 409 N.E.2d 48, the defendant was charged with aggravated battery and armed violence. The jury was given instructions on both offenses and returned a verdict of guilty on the aggravated battery and an acquittal on the armed violence. We upheld the conviction stating that they constitute two separate offenses and therefore the verdicts were not legally inconsistent.[2] We

---

[2] In *People v. Johnson*, defendant was convicted of aggravated battery in violation of sections 12—4(a) and 12—4(b)(1) of the Criminal Code of 1961. It is unclear from the opinion upon which counts the jury verdict relied. Only section 12—4(b)(1) contains the same elements as the offense of armed violence. Sections 12—4(a) and 12—4(b) (2—10) do not include the element of "armed with a deadly weapon."

noted that "[i]t appears that the legislature intended, in passing the armed violence statute, to create an additional offense for which a defendant could be charged and convicted when he committed any felony while armed with a specific type of dangerous weapon." *People v. Johnson*, at 310.

■■ But in the instant case, even assuming *arguendo* the validity of defendant's contentions, we believe that in light of the overwhelming evidence of guilt, including identification by three occurrence witnesses, the jury would have reached the guilty verdict irrespective of the instructions on armed violence. Therefore, even if it was error to submit the instructions on armed violence, such was not prejudicial to defendant here and is harmless error. See *People v. Jones* (1979), 81 Ill. 2d 1, 9, 405 N.E.2d 343.

■■■ However, *sua sponte* we raise two concerns regarding defendant's convictions. First, defendant was convicted of two counts of armed robbery and two counts of armed violence, all arising out of the same physical act. In order to comply with the mandate of *People v. King* the guilty verdicts on both offenses may not stand. Hence, the conviction of armed violence (counts 3 and 4) must be set aside. (*People v. Jones* at 1035; *People v. Crawford*, at 890.) Second, with regard to counts 1 and 2, both for armed robbery, only the victim named in count 2 had custody of the property which defendant took. Therefore, as a matter of fact, defendant cannot stand convicted of armed robbery under count 1. Further, a defendant may not be convicted of multiple armed robberies arising from a single act, even though two victims were threatened with force when property is only taken from one victim. (*People v. Faulisi* (1977), 51 Ill. App. 3d 529, 534-35, 366 N.E.2d 1072; *People v. Hunter* (1976), 42 Ill. App. 3d 947, 951, 356 N.E.2d 822; *People v. Scott* (1974), 23 Ill. App. 3d 956, 968, 320 N.E.2d 360.) The "half sheet" in the record indicates that the trial court imposed the sentence on count 1 (armed robbery) only. For the reasons set forth above, we hereby modify the record to reflect the imposition of the sentence on count 2 (armed robbery) and vacate the convictions entered on counts 1, 3 and 4.

IV

■■ Defendant's final claim is that the trial court should have declared a mistrial following testimony by one of the State's witnesses that after being arrested and given *Miranda* warnings, he remained silent. The testimony objected to is as follows:

"Q. [Assistant State's Attorney]: When you say his [defendant's] rights, what are you referring to?
A. [Officer Kwielford]: I advised him of his *Miranda* warnings.
Q. Did he say anything at that point?

A. No, he did not.

Q. Okay. What happened next?

A. He was transported to the Highwood Police Station.

\* \* \*

Q. What did you do at the Highwood Police Station?

A. I again advised him of his *Miranda* warnings, at which time he stated he wished to talk to me. And that he would help me with anything he could."

While it is error to testify that defendant remained silent after being given *Miranda* warnings, it is not reversible error here as defendant was not prejudiced thereby. This case is distinguishable from *People v. Brown* (1967), 83 Ill. App. 2d 457, 228 N.E.2d 505, cited by defendant where a police officer testified that defendant was silent during questioning about a narcotics sale; *People v. Deberry* (1977), 46 Ill. App. 3d 719, 361 N.E.2d 632, where the evidence was not overwhelming and the prosecutor emphasized in closing arguments the officer's testimony that defendant was silent after *Miranda* warnings were given and so that the prejudice to defendant could not have been harmless; and *People v. Lewerenz* (1962), 24 Ill. 2d 295, 181 N.E.2d 99, where the trial court allowed the prosecution to prove that at the time of his arrest, defendant refused to make a statement on the advice of his counsel. In view of the context of the officer's statement combined with the substantial evidence of guilt, we cannot find prejudicial error in the testimony complained of.

We therefore affirm defendant's conviction for armed robbery, but modify that judgment to show that it involved count 2 of the information. We further vacate his convictions on the other count of armed robbery and both counts of armed violence.

Affirmed as modified.

JOHNSON and LINN, JJ., concur.