STATE OF NEW JERSEY, PLAINTIFF, v. CLIFFORD
LAWSON, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Union County

Decided October 26, 1984.

*Mary Cupo-Cruz,* Deputy Attorney General for plaintiff (*Irwin I. Kimmelman,* Attorney General).

*Linda Mehling,* Assistant Deputy Public Defender for defendant (*S. David Levy,* Deputy Public Defender).

## OPINION

MENZA, J.S.C.

The defendant moves for a new trial contending that the court erroneously instructed the jury to return verdicts on two counts of robbery rather than one. He argues that although two persons were assaulted during the course of the theft, only one theft occurred and therefore only one robbery was committed.

The issue presented to the court is whether a defendant who uses force against two employees of a store in the course of committing a theft of that store commits one robbery or two. The court concludes that two acts of robbery are committed.

Defendant Clifford Lawson was tried by a jury on a two count indictment charging him with the robbery of Deborah Schlapack and the robbery of John DeBella. Deborah Schlapack and John DeBella were security guards employed by Hahne's Department Store in Westfield. During the course of their duties they observed the defendant shoplifting. They approached the defendant and questioned him regarding the items of property in his possession. The defendant refused to answer their questions and attempted to leave the store with the property. When the security guards tried to stop him, the defendant assaulted both guards and fled. The following day the defendant was apprehended by the police.

At the close of a five-day jury trial the court instructed the jury to return verdicts on two counts of robbery—one as to each security guard.[1] The jury was further instructed that if it found the defendant not guilty as to either count it should then consider the lesser included offenses of theft and assault as to each security guard.[2]

The common law defined robbery as the felonious taking of personal property from the person or custody of another by force or intimidation. *State v. Compo,* 108 *N.J.L.* 499 (E & A 1932). The pre-code robbery statute, *N.J.S.A.* 2A:141–1, was declaratory of the common law.

The current statute defines robbery as follows:

*N.J.S.A.* 2C:15–1(a) states that:

A person is guilty of robbery if, in the course of committing a theft, he:

1. Inflicts bodily injury or uses force upon another; or

2. Threatens another with or purposely puts him in fear of immediate bodily injury; or

3. Commits or threatens immediately to commit any crime of the first or second degree.

An act shall be deemed to be included in the phrase "in the course of committing a theft," if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.

Two recent New Jersey court decisions have had occasion to interpret the statute regarding the question of whether there must be a theft from the person who is subjected to force or intimidation in order for there to be a robbery, and thus obliquely whether there must be more than one theft in order to

---

[1]The jury was asked to determine if there was a robbery of Schlapack and a robbery of DeBella.

[2]The jury found that a robbery had been committed against Schlapack. With regard to DeBella, the jury found the defendant not guilty of having committed a robbery but guilty of the lesser included offenses of theft and assault.

have more than one robbery. The two cases at first blush appear to be diametrically opposed.[3]

In *State v. Carlos*, 187 *N.J.Super.* 406 (App.Div.1982), the appellate court held that for there to be a robbery the victim of the theft and the victim of the assault must be one and the same person. The court found that only two robberies were committed when a robber obtained money from two victims in the presence of two additional persons after threatening the four with a gun. The court held:

> We hold that each conviction for robbery must involve a theft or attempted theft from the possession or custodial care of the same person who is intimidated, threatened or injured, except in a limited number of special circumstances not here involved. [*Id.* at 416.]

In *State v. Mirault*, 92 *N.J.* 492 (1983), the Supreme Court found that in a robbery the victim of the theft and the victim of the assault need not be the same person. The court held that a theft against a homeowner coupled with an assault against a police officer who was attempting to arrest the perpetrator constituted a robbery. It made specific reference to the holding of *Carlos*, stating:

> In *Carlos*, the presence of two threatened bystanders during theft from two other persons did not convert two thefts to four robberies. No proper charge was given on attempted theft from the bystanders. *We hold here that the person threatened need not be the victim of the theft.* [*Id.* at 497, n. 4; emphasis supplied.]

█ The factual pattern of the instant case demonstrates that under either the rationale of *Mirault* or *Carlos*, two robberies occurred.

If we assume, as in *Carlos*, that the victim of the theft and the person assaulted must be the same, then both Schlapack and DeBella met the requirements. Their job was to safeguard their employer's property. They both, therefore, had a custodi-

---

[3]In *State v. Mirault*, 92 *N.J.* 492 (1983), the Supreme Court did not specifically overrule the holding of the Appellate Division in *State v. Carlos*, 187 *N.J.Super.* 406 (App.Div.1982). However, the statement in footnote 4 quoted, infra, can be read either as overruling *Carlos* or as expanding its holding.

al interest in the property and were both in constructive possession of the property.

Under both the common law and the pre-Code robbery statute it was well established that ownership or legal title in the property was not necessary. Rather, force used against one with a possessory interest in the property was sufficient to constitute a robbery. Further, the court consistently has held that one charged with the care or protection of property has the requisite possessory interest.

The following cases illustrate this concept. In *State v. Butler*, 27 *N.J.* 560, 589 (1958), the court held that an employee in charge of the nighttime maintenance of the steam boilers had constructive possession of his employer's personalty. In interpreting the phrase "from the person of another" contained in the definition of common law robbery, the court stated: "The phrase 'from the person ... of another' has been broadly construed to include the taking of personalty from the custody of, or from the constructive possession of, or which is subject to the protection of, another." *Ibid.*

Similarly, in the case of *State v. Ford*, 92 *N.J.Super.* 356 (App.Div.1966), the court stated: "The robbery statute makes no specific reference to the element of ownership of the money or goods taken by the robber. It is enough that the cash or personalty belongs to someone other than the thief." *Id.* at 373. *See also State v. Lyons*, 70 *N.J.L.* 635, 645 (E. & A.1904) (night watchman in custody of owner's goods); *State v. Cottone*, 52 *N.J.Super.* 316, 323 (App.Div.1958) (maid in charge of all household items against anyone except the owners).

Post-code cases have incorporated the common law's broad definition of possessory interest. Thus, in *Mirault*, the Supreme Court noted that "[a]t common law legal title was not essential, 'a taking from one having the care, custody, control, management, or possession of the property being sufficient.' " *Id.* 92 *N.J.* at 497 n. 5 (citing 77 *C.J.S., Robbery*, § 7 at 452 (1952)). *See also Carlos, supra*, 187 *N.J.Super.* at 412 (suffi-

cient that person assaulted had custody of property which is the object of the theft or attempted theft). Furthermore, it must be noted that the theft statute defines the phrase "property of another" as including property in which "any person other than the actor has an interest." *N.J.S.A.* 2C:20–1(h).

Finally, it is to be pointed out that the *Carlos* court recognized and acknowledged the concepts of a joint and constructive possession when it stated that the jury, if properly instructed, could have found that another person who was the victim of an assault, was also the victim of a robbery because she was in joint constructive possession of property taken from one of the robbery victims. *Carlos, supra,* 187 *N.J.Super.* at 417.

The defendant cites to the court the holdings of other jurisdictions involving similar factual patterns as authority for his contention that one robbery is committed when there is only one taking.

In *People v. Tyllas,* 96 *Ill.App.*3d 1, 51 *Ill.Dec.* 221, 420 *N.E.*2d 625 (Ill.App.Ct.1981), the court held that there was only one robbery where the defendant held a pistol on two employees and directed one of them to place the money from a cash drawer into a bag. The court stated that:

> Further, a defendant may not be convicted of multiple armed robberies arising from a single act, even though 2 [*sic*] victims were threatened with force when property is only taken from one victim. [96 *Ill.App.*3d at 6, 51 *Ill.Dec.* at 215, 420 *N.E.*2d at 629.]

In the case of *People v. Palmer,* 111 *Ill.App.*3d 800, 67 *Ill.Dec.* 442, 444 *N.E.*2d 678 (Ill.App.Ct.1982), the court held that a holdup of two employees of a store in which only the money belonging to the store was taken, constituted one robbery. The court stated:

> In the present case, defendant committed only one act of armed robbery; he took money and groceries from the presence of both Wilson and Martin by threatening the imminent use of force. Therefore, it was improper for the State to create more than one offense from this single physical act. [111 *Ill.App.*3d at 808, 67 *Ill.Dec.* at 448, 444 *N.E.*2d at 684; citations omitted.]

It is this court's position that both of these cases are decided erroneously. The better and more logical holding is set forth in a recent California Supreme Court case.

In *People v. Ramos*, 30 *Cal.*3d 553, 639 *P.*2d 908, 180 *Cal. Rptr.* 266 (Cal.1982), *rev'd on other grounds*, 463 *U.S.* 992, 103 *S.Ct.* 3446, 77 *L.Ed.*2d 1171 (1983), the court held that two robberies were committed when two employees were threatened and the restaurant money taken. The court stated:

> ... the [*People v.*] *Guerin* [22 *Cal.App.*3d 775, 99 *Cal.Rptr.* 573 (1972) ] court in effect chose to read the robbery statute [citation omitted] to require multiple takings in order to sustain multiple convictions. We do not read the legislative intent so narrowly. Robbery is not merely the felonious taking of personal property. Such a taking, without more, is only theft. To constitute robbery the property must be removed from the possession and immediate presence of the victim against his will, and such removal must be by force or fear. When two or more persons are in joint possession of a single item of personal property, the person attempting to unlawfully take such property must deal with all such individuals. All must be placed in fear or forced to unwillingly give up possession.
>
> \* \* \* \* \* \* \* \*
>
> We view the central element of the crime of robbery as the force or fear applied to the individual victim in order to deprive him of his property. Accordingly, *if force or fear is applied to two victims in joint possession of property, two convictions of robbery are proper.* [30 *Cal.*3d at 589; 639 *P.*2d at 928–29; 180 *Cal.Rptr.* at 286–87; emphasis supplied.]

The defendant's reliance on the idea that there was only one theft and therefore one robbery is misguided. One transaction—one incident—does not necessarily mean one theft. Under the common law as well as under the rationale of *Carlos*, it is clear that the crime of robbery has nothing to do with the number of thefts which are committed. Its focus is on the number of victims of the theft and that depends on whether one has a possessory interest in the property taken. In this case, both security guards had custody of the property of their employer, Hahne's Department Store, and both had constructive possession of that property. Since they both had an interest in the property, both were the victims of the theft. And since they both were assaulted, two robberies were committed.

■ It is also clear under the rationale of *Mirault,* that two robberies were committed. Under *Mirault,* it is of no consequence that the victim of the theft is different from the victim who is assaulted. If there is a nexus between the assault and a theft, the defendant commits a robbery.

The court, in reaching its conclusion, commented on the trend in the law to broaden the common law definition of robbery.

> Both the New Jersey Code and the MPC broaden common law robbery in several ways: they include injury or threat to one other than the custodian of the property; they include escape from commission or attempt; and they eliminate the element of asportation. Our new statute thus 'manifests a legislative intent to adopt a more expansive concept of robbery.' [Citation omitted.]
>
> * * * * * * * *
>
> Defendant quite candidly recognizes that the trend evidenced in many new robbery statutes is to provide enhanced punishment even where the force is used against someone other than the victim of the theft. See *Ala.Code* § 13A–8–43(a)(1) (1978) ('force against ... the owner or any person present'); *Ariz.Rev.Stat.Ann.* § 13–1902 A (1978) ('force against any person'); *N.Y.* Penal Law § 160.15 (McKinney 1975) ('injury to any person who is not a participant'); *Ohio Rev.Code Ann.* § 2911.02 (Page 1982), Commentary ('person against whom force is used or threatened need not be the victim of the theft itself'); 18 *Pa.Cons.Stat.Ann.* § 3701(a) (Purdon 1973) ('inflicts ... injury upon another ... [or] threatens another ...'). [*Mirault,* 92 *N.J.* at 496–98; footnote omitted.]

The statute does not say that one theft plus one assault equals one robbery or that two thefts plus two assaults equal two robberies. It states only that if in the course of committing a theft a person is assaulted, there is a robbery. The logical conclusion, therefore, is that if five assaults occur during the course of committing one theft (*a* theft), five robberies are committed. Thus, assuming arguendo that there was not only one theft but also only one victim, namely Hahne's Department Store, there would still be two robberies since two persons were assaulted in the course of committing the theft.

■ *Mirault* focuses on the person who is assaulted and asserts that this is the real victim of the crime, not the person who is the victim of the theft.

Our pre-Code statute defined robbery as taking a person's property 'by violence or putting him in fear.' *N.J.S.A.* 2A:141–1. In contrast, the Code imposes liability for injury or threat to 'another' before, during, and after a theft. *N.J.S.A.* 2C:15–1a. It is manifestly broader than the prior statute. *The expansion of the definition expresses the Code's intent to focus on the felon's conduct and not the victim's status.* [*Mirault, supra,* 92 *N.J.* at 498; emphasis supplied.]

Thus, unlike the common law, which required that the person assaulted have a possessory interest in the property, New Jersey makes it clear that if any person is assaulted in the commission of a theft, that alone is sufficient to constitute the crime of robbery regardless of his interest in the property.

In the instant case, it is patent that under both the common law and the code, two robberies are committed. Under the common law and *Carlos* both guards were the victims of a theft as well as an assault since both had a custodial interest in the property taken. Under the expanded common law definition of robbery in *Mirault,* two robberies occurred because during the commission of the theft two security guards were assaulted.

Lastly, it is to be noted that *N.J.S.A.* 2C:1–8(a), specifically provides that a defendant may be prosecuted for multiple offenses when the same conduct establishes the commission of more than one offense. He may not however be convicted of more than one offense when the concept of merger is applicable. Whether two robberies resulting from one act are the subject of merger is not before the court. That is another question for another time.

The court concludes, that the facts of this case demonstrate that the jury could have found the defendant guilty of two robberies. There was no error, therefore, in the court instructing the jury to consider two robbery charges in making its determination.

For the foregoing reasons, the defendant's motion for a new trial is respectfully denied.